UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENDA TAYLOR individually, and as executor of the Estate of Che Andre Taylor, JOYCE TAYLOR, individually; CHE ANDRE TAYLOR, JR., individually; and SARAH SETTLES on behalf of her minor child, CMT,

        Plaintiffs,

  v.

CITY OF SEATTLE; MICHAEL SPAULDING and "JANE DOE" SPAULDING, and their marital community composed thereof; SCOTT MILLER and "JANE DOE" MILLER, and their marital community composed thereof; TIMOTHY BARNES and "JANE DOE" BARNES, and their marital community composed thereof; and AUDI ACUESTA and "JANE DOE" ACUESTA, and their marital community composed thereof,

        Defendants.

C18-262 TSZ

ORDER

THIS MATTER comes before the Court on Defendants' Partial Motion to Dismiss Under 12(b)(6), docket no. 21. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

ORDER - 1

**Background**

This case arises out of the death of Che Taylor ("Taylor"), who was shot and killed by Seattle Police officers on February 21, 2016. Plaintiffs include Brenda Taylor (individually and as the personal representative of Taylor's estate), Joyce Taylor[1] (Taylor's mother), Che Andre Taylor, Jr. (Taylor's son), and Sarah Settles on behalf of her child CMT (Taylor's daughter).

Plaintiffs allege that on the day of his death, Taylor, who was African American, was standing in the doorframe of a vehicle talking to two Caucasian occupants. First Amended Complaint ("Complaint"), docket no. 6, ¶¶ 4.1, 4.3. Officers Michael Spaulding and Scott Miller were observing Taylor from an unmarked car in an undercover capacity prior to the shooting. *Id.* ¶ 4.4. Spaulding and Miller approached Taylor with rifles drawn in an attempt to arrest him. *Id.* ¶¶ 4.5, 4.6. At the same time, Officers Timothy Barnes and Audi Acuesta approached the scene in a marked Seattle Police vehicle. *Id.* ¶¶ 4.8, 4.9. Audio and video of the ensuing moments were captured by the marked vehicle. *Id.* ¶ 4.10. Officers shouted conflicting commands at Taylor—some instructed him to put his hands up, others to get on the ground. *Id.* ¶¶ 4.14, 4.15. Plaintiffs do not identify which officers delivered which commands, nor do they indicate whether Officers Barnes and Acuesta delivered any of the commands. Taylor attempted to comply with the conflicting instructions, first putting his hands in the air, then attempting to drop to the ground. *Id.* ¶ 4.16. Officers Spaulding and Miller shot Taylor,

---

[1] Joyce Taylor is named as a plaintiff in the caption of the Amended Complaint, docket no. 6, but is elsewhere referred to as Joyce Dorsey. For the sake of clarity, the Court will refer to Taylor's mother using the name identified in the caption, i.e., Joyce Taylor.

ORDER - 2

then rolled his body over and handcuffed him. *Id.* ¶¶ 4.1, 4.17, 4.18. "Critical minutes lapsed" between the shooting "and the time that police officers allowed medical emergency personnel to render aid." *Id.* ¶4.19.

After Taylor was shot and handcuffed, officers instructed the vehicle occupants to exit the vehicle. *Id.* ¶4.21. Although they also struggled to comply with police instructions, neither occupant was shot. *Id.* ¶¶4.22, 4.23.

According to Plaintiffs, these actions deprived Taylor of due process, and Defendants are liable to all Plaintiffs for negligence (First and Fifth Causes of Action), outrage (Second Cause of Action), false arrest (Third Cause of Action), unlawful seizure (Fourth Cause of Action), violations of the Washington Law Against Discrimination (Sixth Cause of Action), and are liable for the deprivation of the substantive due process rights of Brenda Taylor, Joyce Taylor, all of Taylor's children, and Taylor's estate.

**Discussion**

**I. Standard of Review**

Defendants rely on Federal Rules of Civil Procedure 12(b)(6) in requesting dismissal of Plaintiffs' complaint. A complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, but it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must indicate more than mere speculation of a right to relief. *Id.* When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. A complaint

may be lacking for one of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Assuming the truth of the plaintiff's allegations and drawing all reasonable inferences in the plaintiff's favor, *see Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987), the question for the Court on a Rule 12(b)(6) motion is whether the facts in the complaint sufficiently state a "plausible" ground for relief. *Twombly*, 550 U.S. at 570. If the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**II. Plaintiffs' Negligence Causes of Action**

Plaintiffs plead two identical causes of action for negligence. Complaint, ¶¶ 5.1, 5.5 (First and Fifth Causes of Action).[2] The Complaint alleges that "[b]y virtue of the facts set forth above, the defendants are liable to all plaintiffs for negligence." *Id.* Plaintiffs do not allege what duty Defendants owed Plaintiffs, how that duty was breached, or whether that breach proximately caused damage to Plaintiffs. Failure to allege those essential elements of a negligence claim fails to put Defendants on notice of Plaintiffs' claims and warrants dismissal. *See Bradley v. Wal-Mart Stores, Inc.*, 544 F.Supp.2d 1167, 1170 (W.D. Wash. 2008); *Johansen v. Cox*, No. 16-416, 2017 WL 497608, * 2 (W.D. Wash. Feb. 7, 2017) (dismissing negligence claim related to excessive force under identical standard for judgment on the pleadings where plaintiff alleged the

---

[2] These two causes of action appear to be identical and allege one cause of action for negligence.

ORDER - 4

existence of specific duties but failed to allege how the officer breached those duties). In response to the motion, Plaintiffs suggest the negligence causes of action are based on Defendants' inconsistent verbal commands to Taylor in the moments before he was shot. Plfs.' Response, docket no. 24, at 3-4. However these facts are not alleged in the Complaint. The Complaint does not allege sufficient facts to put Defendants on-notice of Plaintiffs' theory of duty, breach, and causation. Such a statement is "merely consistent with a defendant's liability" but "stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Johansen*, 2017 WL 497608, *2. Plaintiffs' First and Fifth Causes of Action are dismissed without prejudice.

**III. Plaintiffs' Causes of Action Against the City**

In order to bring a cause of action under Section 1983 against Defendant City of Seattle, Plaintiffs must establish the existence of "a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [plaintiff] suffered.'" *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (internal citation and quotation marks omitted). "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Services of N.Y.*, 436 U.S. 658, 691 (1978). Barebones allegations that the actions of individual defendants were performed "under the ordinances, regulations, customs, and practices" of the municipal defendant cannot survive a motion to dismiss. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012).

Here, the only language in the Complaint that relates to the City's liability is the allegation that the "[c]ivil rights violations delineated herein were proximately caused by [the City's] customs, policies, and usages." Complaint, ¶ 2.5. As in *Hernandez*, the mere recitation of the elements of a *Monell* claim does not include enough underlying facts to give the City fair notice of the claim. *Hernandez*, 666 F.3d at 637. Plaintiffs' attempts to add facts in their Response, docket no. 24, cannot cure their pleading deficiencies. All causes of action against Defendant City of Seattle are dismissed without prejudice.[3]

**IV. Plaintiffs' WLAD Cause of Action**

Defendants argue that the Taylor shooting did not occur in a location covered by the Washington Law Against Discrimination ("WLAD") and therefore Plaintiffs' cause of action under that statute must fail as a matter of law. According to Defendants, WLAD prohibits discrimination in places of public resort, accommodation, assemblage, or amusement, real estate, credit and insurance transactions, commerce, and breastfeeding mothers in certain locations. *See* Docket No. 21 at 8-9 (citing RCW 49.60.030). Defendants point out that "public accommodations" are "any place, licensed or unlicensed, kept for gain, hire, or reward." *Id.* (quoting RCW 49.60.040(2)). Because Taylor's shooting took place in a public street, and because a public street is not kept for gain, hire, or reward, Defendants argue the WLAD does not apply.

Defendants misread the statute. First, the statute begins its non-exhaustive list by noting that places of public resort, accommodation, assemblage, or amusement "includes,

---

[3] Plaintiffs' citation to *Kyreacos v. Smith*, 89 Wn.2d 425, 572 P.2d 723 (1977) is misplaced. That case did not involve federal civil rights violations under Section 1983.

ORDER - 6

but is not limited to" a diverse list of locations.  RCW 49.60.040(2).  Next, the list includes various publicly-owned spaces that are not kept for gain, hire, or reward, including "where the public gathers, congregates, or assembles for amusement, recreation, or public purposes" and "public librar[ies] or educational institutions."  *Id.*; *see also McKinney v. City of Tukwila*, 103 Wn. App. 391, 13 P.3d 631 (2000) (granting summary judgment against WLAD claim because plaintiff failed to show unequal treatment was motivated by race without analyzing whether WLAD applied in the public park where unequal treatment occurred).

Defendants' reliance on *White v. City of Tacoma* is also misplaced.  That case involved a WLAD claim related to an incident on a sidewalk in front of private property.  *White v. City of Tacoma*, No. 12-5987, 2014 WL 172037, *12 (W.D. Wash. Jan. 15, 2014).  The court noted that it could grant summary judgment for defendants on that claim because the plaintiff "failed . . . to submit any evidence that [her] apartment building is state-owned" and "also failed to point to any authority to show that it is material that the investigation occurred on the sidewalk in front of a private residence and not directly on private property."  Here, however, it is clear from the pleadings that the shooting occurred in a publicly-owned right of way.  Plaintiffs have alleged enough to survive dismissal of their WLAD causes of action at the pleading stage.[4]

---

[4] Defendants do not argue that any Plaintiffs lack standing to pursue this cause of action, and the Court makes no determination on that issue.

### V. Plaintiffs' Causes of Action Against Acuesta and Barnes

The Complaint fails to allege sufficient facts regarding Officers Acuesta and Barnes to give them fair notice of the claims against them. The only factual allegation regarding those two defendants is the allegation that their marked police vehicle captured the audio and video of the incident that forms the basis for this case. Complaint, ¶ 4.10. The Complaint also alleges that unspecified officers yelled conflicting instructions at Taylor and that critical time was wasted before Taylor received medical attention. While these facts might form the basis of liability against someone, the Complaint does not include details about how Acuesta and Barnes were involved in these activities, what duties they owed to Taylor, how their action or inaction breached those duties, and how that breach caused Taylor's injuries. Without more, Plaintiffs have failed to push their causes of action against Acuesta and Barnes across the line from possible to plausible. *Iqbal*, 556 U.S. at 678; *Johansen*, 2017 WL 497608, *2. Plaintiffs' causes of action against Acuesta and Barnes and paragraphs 2.8 and 2.9 of the Complaint are dismissed without prejudice.

### VI. Plaintiffs' False Arrest Cause of Action

Defendants' motion to dismiss the false arrest cause of action as duplicative of the unlawful seizure cause of action is denied. That said, as described below in Part VIII, *infra*, the Court agrees with Defendants that only Taylor's estate has standing to bring this cause of action because it is a constitutional claim personal to Taylor. As to the cause of action itself, however, the Court is unconvinced that Plaintiffs have failed to allege a separate cause of action for false arrest. Plaintiffs allege that after Taylor was

shot, "police officers rolled his body over and handcuffed him" after which "[c]ritical minutes lapsed between the time in which [he] was shot and the time that police officers allowed medical emergency personnel to render aid."  Compl. ¶ 4.18-4.19.  Defendants' do not argue that these allegations fail to plead some essential element of a false arrest claim.  Rather they argue that this cause of action is "duplicative to a degree" because Taylor was seized but never arrested.  Defs.' Partial Mot. to Dismiss ("Defs.' Mot."), docket no. 21, at 10.  Defendants do not cite any rule outlawing slightly duplicative pleading, however.  Moreover, conceding that Taylor was seized does not necessarily rule out the possibility that he was also arrested.  Defendants' citation to *State v. Salinas* undermines their argument, and demonstrates that there can be different types of "seizures [that] are distinct from an actual custodial arrest to detain the person . . . ." 169 Wn. App. 210, 217, 279 P.3d 917 (2012).  Defendants' citation to *California v. Hodari D.* is just as unsupportive.  499 U.S. 621, 624-26 (1991) (holding that defendant was not under custodial arrest when he fled from an officer who shouted verbal commands to stop).  That an arrest is considered a version of a seizure, and that both can be effected with minimal force, does not render improper Taylor's separate cause of action for false arrest.

**VII. Joyce Taylor's Causes of Action Under the Washington Survival Statutes**

Joyce Taylor's state law causes of action—Causes of Action One through Six—are prohibited by Washington's Survival Statutes, which authorize the personal representative of an estate to bring claims on behalf of statutory beneficiaries.  RCW §§ 4.20.046, 060.  Those beneficiaries include "the wife, husband, state registered

domestic partner" and children. *Id.* § 4.20.020. Parents are only authorized beneficiaries in the event there is no surviving spouse or children. *Id.*; *Rentz v. Spokane County*, 438 F. Supp. 2d 1252 (E.D. Wash. 2006) ("The second tier, including parents and siblings of the deceased, may recover only if there are no first tier beneficiaries and only if the designated beneficiaries were dependent on the deceased for support.").

Here, because Joyce Taylor is Taylor's mother, and because Taylor is survived by his spouse and children, Joyce Taylor may not recover for any state law causes of action under RCW 4.20.020.[5]

**VIII. Brenda Taylor's Section 1983 Fourth Amendment Causes of Action**

Fourth Amendment rights are personal rights, and may not be asserted vicariously. *Alderman v. United States*, 394 U.S. 165, 174 (1969). The non-estate Plaintiffs lack standing to bring causes of action under the Fourth Amendment. *See Ostling v. City of Bainbridge Island*, 872 F. Supp. 2d 1117, 1124-25 (W.D. Wash. 2012) (holding that father of decedent could pursue Fourth Amendment claims as personal representative of the estate, but individual family members lacked standing to bring those claims on their own behalf). To the extent Plaintiffs other than Brenda Taylor are pursuing Fourth Amendment causes of action (e.g., Compl. ¶5.11), those causes of action are dismissed with prejudice.

---

[5] Plaintiffs did not respond to this issue, and instead focused their briefing on whether Joyce Taylor's causes of action under Section 1983 may borrow from Washington's Survival Statutes. *See* Reply, Docket No. 25, at 2 (noting the non-response).

**IX. Plaintiffs' Outrage Cause of Action**

Plaintiffs have also pled their own personal causes of action for outrage. *See* Docket No. 6, ¶ 5.2. However, only Brenda Taylor on behalf of the estate has standing to bring this cause of action. To the extent the outrage cause of action is brought vicariously on behalf of Taylor, that cause of action is limited by Washington's Survival Statutes to the estate's personal representative. *See Otani ex rel. Shigaki v. Broudy*, 151 Wn.2d 750, 755, 92 P.3d 192 (2004) ("Unlike Washington's wrongful death statutes, the survival statutes do not create new causes of action for statutorily named beneficiaries but instead preserve causes of action for injuries suffered prior to death."). To the extent Plaintiffs are suggesting they personally experienced the tort of outrage, they have not pleaded any facts entitling them to recovery. *See Reid v. Pierce County*, 136 Wn.2d 195, 202, 961 P.2d 333 (1998) (requiring plaintiff to be present at the time of the alleged tortious conduct in order to prevail on a common law outrage claim). To the extent other plaintiffs are pursuing this cause of action, they are dismissed without prejudice.

**X. Plaintiffs' Substantive Due Process Causes of Action**

Plaintiffs concede that Brenda Taylor's substantive due process cause of action should be dismissed. Plfs.' Response, Docket No. 24, at 10. The Court will dismiss Plaintiffs' seventh cause of action (docket no. 6, ¶5.7) with prejudice.

Defendants' request to dismiss the ninth cause of action for due process violations on behalf of Taylor's children is denied. Defendants concede that the "Ninth Circuit affords a substantive due process right for deprivation of companionship and society in a parent-child relationship." Defs.' Mot., docket no. 21, at 15 (citing *Curnow By &*

*Through Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991). Having conceded the underlying viability of such a claim, Defendants argue that the Complaint improperly pleads the ninth cause of action for deprivation of the parent-child relationship as being brought by the estate on behalf of the children rather than directly by the children themselves. *Id.* at 15-16. Defendants cite to *Maynard v. City of San Jose* for the proposition that plaintiffs may not "sue on behalf of anyone else. *Id.* at 16 (quoting *Maynard v. City of San Jose*, 37 F.3d 1396, 1403 (9th Cir. 1994)). *Maynard* is inapposite. There, the Ninth Circuit held that a white man had standing to assert his own right to be free from retaliation for helping a black person obtain a promotion. *Maynard*, 37 F.3d at 1403. The court distinguished other cases where plaintiffs lacked standing under Section 1983 to vindicate the rights and interests of other third parties. *Id.* Here, however, the "third parties" are actually named plaintiffs in this lawsuit and they undoubtedly have standing to pursue their own claims for loss of a liberty interest in their relationship with their father. *Curnow*, 952 F.2d at 325.

To the extent the Tenth Cause of Action—which brings an additional due process claim on behalf of unspecified members of Taylor's family—is actually a claim for a deprivation of the rights of Joyce Taylor or Taylor's children—it is duplicative of the earlier, surviving causes of action (i.e., Compl. ¶¶ 5.8 (due process claim by Taylor's mother), 5.9 (due process claim by Taylor's children)). Alternatively, to the extent the tenth cause of action asserts the rights of other family members not covered by other causes of action, Plaintiffs have not identified those family members and as a result have

not pled facts sufficient to state a claim. The Tenth Cause of Action is dismissed without prejudice.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendants' Partial Motion to Dismiss is GRANTED in part and DENIED in part. Defendants the City of Seattle, Timothy Barnes, and Audi Acuesta are DISMISSED from this action without prejudice. The Seventh Cause of Action is DISMISSED with prejudice. The First, Fifth, and Tenth Causes of Action are DISMISSED without prejudice. The Second, Third, and Fourth Causes of Action are limited to Plaintiff Brenda Taylor as representative of the estate. Plaintiff Joyce Taylor lacks standing to pursue the Sixth Cause of Action.

(2) Plaintiffs' remaining causes of action and the identity of the Plaintiffs with standing to pursue them are as follows:

- Brenda Taylor, as representative of the estate may pursue the Second Cause of Action for Outrage, the Third Cause of Action for False Arrest, and the Fourth Cause of Action for Unlawful Seizure. Complaint ¶¶ 5.2, 5.3, 5.4.
- Plaintiffs Brenda Taylor, Che Andre Taylor, Jr., and Sarah Settles on behalf of her minor child CMT may pursue the Sixth Cause of Action for WLAD Violation. Complaint, ¶ 5.6.
- Joyce Taylor may pursue the Eighth Cause of Action under Section 1983 for loss of a familial relationship with her son. Complaint, ¶ 5.8.

- Taylor's children, specifically Plaintiff Che Andre Taylor, Jr., may pursue the Ninth Cause of Action under Section 1983 for loss of a familial relationship with their father.  Complaint, ¶ 5.9.
- Brenda Taylor, as personal representative of the estate, may pursue the Eleventh Cause of Action under Section 1983 for excessive force under the Fourth and Fourteenth Amendments.  Complaint, ¶ 5.11.

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 16th day of October, 2018.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge