UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENDA TAYLOR, et al.,

Plaintiffs,

v.

CITY OF SEATTLE, et al.,

Defendants.

C18-262 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' Partial Motion to Dismiss Plaintiffs' Second Amended Complaint under 12(b)(6), docket no. 33, is GRANTED in part and DENIED in part as follows:

a. Defendants' motion is DENIED with respect to Plaintiffs' claims against the City of Seattle. Plaintiffs have alleged that the City of Seattle employs a custom of "officers giving conflicting commands" followed by application of excessive force, which proximately caused Plaintiffs' injuries. Second Amended Compl. ("SAC"), docket no. 29, ¶ 2.4. This is more than a barebones recital of the elements of a *Monell* claim and is sufficient to survive a motion to dismiss. *See Monell v. Dep't of Social Services of N.Y.*, 436 U.S. 658 (1978). Although proof of isolated constitutional violations does not result in municipal liability, Plaintiffs are entitled at this stage to develop proof supporting their allegation that these violations are part of a larger pattern. *Cf. City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it

MINUTE ORDER - 1

was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (noting that that, to establish custom, plaintiff must show that his injury resulted from a permanent and well-settled practice) (internal quotation marks omitted).

b.  Defendants' motion to dismiss with respect to Plaintiffs' claims of negligence is DENIED. Plaintiffs have alleged sufficient facts to plead negligence claims against Defendants. Plaintiffs specifically allege that these Defendant officers had direct contact with Taylor and issued inconsistent verbal commands to Taylor before he was shot. Plaintiffs allege that these officers owed duties to the public in general and to Taylor specifically to not "create a chaotic scene" likely to result in physical harm and to "give orderly commands that can and should be followed, not commands that . . . would endanger the public in general." SAC ¶ 4.13. Plaintiffs go on to allege that Defendants' breach of that duty resulted in Taylor's death. Viewing the allegations in the light most favorable to Plaintiffs, the Complaint states claims of negligence against Defendants. This case involves alleged negligence that "was the result of direct contact with the [deceased], not the performance of a general public duty." *Garnett v. City of Bellevue*, 59 Wash. App. 281, 286, 796 P.2d 782 (1990).

c.  Defendants' motion is DENIED with respect to Plaintiffs' claims of negligence against Defendants Barnes and Acuesta. Plaintiffs have alleged that Acuesta and Barnes owed Plaintiff a duty not to create confusion by shouting conflicting commands and violated that duty by shouting conflicting commands while Defendants Spaulding and Miller approached Che Andre Taylor with weapons drawn. SAC ¶¶ 4.12-4.14. Viewing the factual allegations in the light most favorable to Plaintiff, the shooting by Defendants Spaulding and Miller is not an intervening act.

d.  Defendants' motion is GRANTED with respect to Plaintiffs' substantive due process claim. Plaintiff concedes that Brenda Taylor's substantive due process claim should be dismissed (Response, docket no. 36, at 13). Plaintiffs' substantive due process claim is dismissed with prejudice.

MINUTE ORDER - 2

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 9th day of April, 2019.

William M. McCool  
Clerk

s/Karen Dews  
Deputy Clerk

MINUTE ORDER - 3