Expedite - Video Clip 160221 (050720) Media Transcription

```
 1              UNITED STATES DISTRICT COURT

 2              WESTERN DISTRICT OF WASHINGTON

 3   _____

 4   DEVITTA BRISCOE, individually,     )
 5   and as executor of the Estate      )
 6   of Che Andre Taylor; JOYCE         )
 7   DORSEY, individually; CHE ANDRE    )
 8   TAYLOR, JR. individually; and      )
 9   SARAH SETTLES on behalf of her     )
10   minor child, XXXXX, and DEMKA      )
11   GREEN for the Estate of Brenda     )
12   Taylor,                            )
13              Plaintiffs,             )
14         vs.                          )  2:18-CV-00262-TSZ
15   CITY OF SEATTLE; MICHAEL           )
16   SPAULDING and "JANE DOE"           )
17   SPAULDING, and their marital       )
18   community composed thereof;        )
19   SCOTT MILLER and "JANE DOE"        )
20   MILLER, and their marital          )
21   community composed thereof;        )
22   TIMOTHY BARNES and "JANE DOE"      )
23   BARNES, and their marital          )
24   community composed thereof; and    )
25   AUDI ACUESTA and "JANE DOE"        )
```

```
 1   ACUESTA, and their marital       )
 2   community composed thereof,      )
 3                 Defendants.        )
 4   _____
 5              VERBATIM TRANSCRIPTION OF
 6                 POLICE VIDEO CLIP
 7   _____
 8                 FEBRUARY 21, 2016
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23   TRANSCRIBED FROM RECORDING BY:
24   CHERYL J. HAMMER, RPR, CCR 2512
25
```

```
 1                           --oOo--
 2
 3              (BEGINNING OF TRANSCRIPTION)
 4           (Begins at 17:42:41 on video screen.)
 5                 UNIDENTIFIED MALE SPEAKER:  Do we have
 6   more horsepower?  Name, date of birth?
 7                 UNIDENTIFIED MALE SPEAKER:  I don't --
 8   I don't have it yet.  I didn't -- I was just told to
 9   turn my car in and that was it.
10                 UNIDENTIFIED MALE SPEAKER:  Okay.
11   Here's the -- I don't mean to (inaudible) your
12   property.
13                 UNIDENTIFIED MALE SPEAKER:  I just
14   showed up and they said (inaudible.)
15                 UNIDENTIFIED MALE SPEAKER:
16   (Inaudible.)  (Inaudible.)  All that means is that
17   he's going to give you a ride and we're going to meet
18   you there.
19                 UNIDENTIFIED MALE SPEAKER:  Okay.
20                 UNIDENTIFIED MALE SPEAKER:  We're
21   going to talk to you and we're going to be right back
22   to where we immediately are.  Does that sound okay?
23   So just stay cooperative with him, do what he asks,
24   and we're all good.  (Inaudible.)  Just get a seat
25   belt (inaudible).
```

```
 1                    OFFICER ERIK JOHNSON:  Let's get a
 2   seat belt on you.  Can you snap that?
 3                    MS. NOELLE KNUDSVIG:  Yeah.  Thank
 4   you.
 5                    OFFICER ERIK JOHNSON:  Okay.  Snap it
 6   there.  There you go.
 7                    UNIDENTIFIED MALE SPEAKER:  Here you
 8   go.  Thank you, sir.
 9                    UNIDENTIFIED MALE SPEAKER:  Yep.
10                    UNIDENTIFIED MALE SPEAKER:  I'll have
11   somebody meet you -- meet you at homicide, okay?
12                    UNIDENTIFIED MALE SPEAKER:  Okay.
13   Just walk right up there to the fifth floor?
14                    UNIDENTIFIED MALE SPEAKER:  Seventh
15   floor.
16                    UNIDENTIFIED MALE SPEAKER:  Seventh
17   floor?
18                    UNIDENTIFIED MALE SPEAKER:  Yeah.  Go
19   in -- go in the parking (inaudible) seventh floor.
20   We'll have somebody there.
21                    UNIDENTIFIED MALE SPEAKER:  Okay.  All
22   right.
23                    MS. NOELLE KNUDSVIG:  So I'm assuming
24   that guy died, then, right?
25                    OFFICER ERIK JOHNSON:  I really don't
```

YOM: Full Service Court Reporting, A Veritext Company
800.831.6973

```
 1  know.
 2              MS. NOELLE KNUDSVIG:  Oh.
 3              OFFICER ERIK JOHNSON:  I really don't
 4  know.  You know a lot more than I do.  I, I --
 5              MS. NOELLE KNUDSVIG:  That's the first
 6  time I've ever seen anybody get --
 7              OFFICER ERIK JOHNSON:  I came over
 8  here (inaudible).
 9              MS. NOELLE KNUDSVIG:  Yeah, the guy I
10  was with earlier, he -- a friend of my friend's, he
11  was all of a sudden -- I didn't know he was -- I
12  didn't know he was running from the law.  But anyways,
13  they were just like, you know, just get on the ground,
14  and he pulled out -- I think he pulled out a gun.
15              OFFICER ERIK JOHNSON:  Oh.
16              MS. NOELLE KNUDSVIG:  And then they
17  shot back and he died, I think, is what happened.
18              OFFICER ERIK JOHNSON:  Hey, Trunk,
19  Trunk, could you let me out?  Could you let me out?
20  Could you hold it up?
21         (Ends at 17:45:26 on video screen.)
22              (END OF TRANSCRIPTION)
23
24
25
```

Page 5

|     |     |
| --- | --- |
| 1   | TRANSCRIPTION CERTIFICATE |
| 2   |     |
| 3   | I, CHERYL J. HAMMER, the undersigned |
| 4   | Certified Court Reporter in and for the state of |
| 5   | Washington, do hereby certify: |
| 6   | That the foregoing transcript was |
| 7   | transcribed under my direction; that the transcript is |
| 8   | true and accurate to the best of my knowledge and |
| 9   | ability to hear the audio; that I am not a relative or |
| 10  | employee of any attorney or counsel employed by the |
| 11  | parties hereto; nor am I financially interested in the |
| 12  | event of the cause. |
| 13  |     |
| 14  | WITNESS MY HAND this 12th day of May 2020. |
| 15  |     |
| 16  |     |
| 17  |     |
| 18  | *[signature: Cheryl J Hammer]* |
| 19  |     |
| 20  | CHERYL J. HAMMER |
| 21  | Certified Court Reporter |
| 22  | CCR No. 2512 |
| 23  | cheryl.hammer.courtreporter@frontier.com |
| 24  |     |
| 25  |     |

Expedite - Video Clip 160221 (050720) Media Transcription

**[00262 - noelle]**

| 0 | c | estate 1:5,11 | 5:8 |
|---|---|---|---|
| **00262** 1:14 | **car** 3:9 | **event** 6:12 | **individually** 1:4,7 |
| **1** | **cause** 6:12 | **executor** 1:5 | 1:8 |
| **12th** 6:14 | **ccr** 2:24 6:22 | **f** | **interested** 6:11 |
| **17:42:41** 3:4 | **certificate** 6:1 | **february** 2:8 | **j** |
| **17:45:26** 5:21 | **certified** 6:4,21 | **fifth** 4:13 | **j** 2:24 6:3,20 |
| **19856** 6:19 | **certify** 6:5 | **financially** 6:11 | **jane** 1:16,19,22,25 |
| **2** | **che** 1:6,7 | **first** 5:5 | **johnson** 4:1,5,25 |
| **2016** 2:8 | **cheryl** 2:24 6:3,20 | **floor** 4:13,15,17 | 5:3,7,15,18 |
| **2020** 6:14 | **cheryl.hammer.c...** | 4:19 | **joyce** 1:6 |
| **21** 2:8 | 6:23 | **foregoing** 6:6 | **jr** 1:8 |
| **2512** 2:24 6:22 | **child** 1:10 | **friend** 5:10 | **k** |
| **2:18** 1:14 | **city** 1:15 | **friend's** 5:10 | **know** 5:1,4,4,11 |
| **a** | **clip** 2:6 | **frontier.com** 6:23 | 5:12,13 |
| **ability** 6:9 | **community** 1:18 | **g** | **knowledge** 6:8 |
| **accurate** 6:8 | 1:21,24 2:2 | **give** 3:17 | **knudsvig** 4:3,23 |
| **acuesta** 1:25 2:1 | **composed** 1:18,21 | **go** 4:6,8,18,19 | 5:2,5,9,16 |
| **andre** 1:6,7 | 1:24 2:2 | **going** 3:17,17,21 | **l** |
| **anybody** 5:6 | **cooperative** 3:23 | 3:21 | **law** 5:12 |
| **anyways** 5:12 | **counsel** 6:10 | **good** 3:24 | **lot** 5:4 |
| **asks** 3:23 | **court** 1:1 6:4,21 | **green** 1:11 | **m** |
| **assuming** 4:23 | **cv** 1:14 | **ground** 5:13 | **male** 3:5,7,10,13 |
| **attorney** 6:10 | **d** | **gun** 5:14 | 3:15,19,20 4:7,9 |
| **audi** 1:25 | **date** 3:6 | **guy** 4:24 5:9 | 4:10,12,14,16,18 |
| **audio** 6:9 | **day** 6:14 | **h** | 4:21 |
| **b** | **defendants** 2:3 | **hammer** 2:24 6:3 | **marital** 1:17,20,23 |
| **back** 3:21 5:17 | **demka** 1:10 | 6:20 | 2:1 |
| **barnes** 1:22,23 | **devitta** 1:4 | **hand** 6:14 | **mean** 3:11 |
| **beginning** 3:3 | **died** 4:24 5:17 | **happened** 5:17 | **means** 3:16 |
| **begins** 3:4 | **direction** 6:7 | **hear** 6:9 | **meet** 3:17 4:11,11 |
| **behalf** 1:9 | **district** 1:1,2 | **hereto** 6:11 | **michael** 1:15 |
| **belt** 3:25 4:2 | **doe** 1:16,19,22,25 | **hey** 5:18 | **miller** 1:19,20 |
| **best** 6:8 | **dorsey** 1:7 | **hold** 5:20 | **minor** 1:10 |
| **birth** 3:6 | **e** | **homicide** 4:11 | **n** |
| **brenda** 1:11 | **earlier** 5:10 | **horsepower** 3:6 | **name** 3:6 |
| **briscoe** 1:4 | **employed** 6:10 | **i** | **noelle** 4:3,23 5:2,5 |
| | **employee** 6:10 | **immediately** 3:22 | 5:9,16 |
| | **ends** 5:21 | **inaudible** 3:11,14 | |
| | **erik** 4:1,5,25 5:3,7 | 3:16,16,24,25 4:19 | |
| | 5:15,18 | | |

Page 1

**[officer - yep]**

| o | sound 3:22 | vs 1:14 |
|---|---|---|
| officer 4:1,5,25 5:3,7,15,18 | spaulding 1:16,17 | **w** |
| oh 5:2,15 | speaker 3:5,7,10 3:13,15,19,20 4:7 4:9,10,12,14,16,18 4:21 | walk 4:13 |
| okay 3:10,19,22 4:5,11,12,21 | | washington 1:2 6:5 |
| ooo 3:1 | state 6:4 | western 1:2 |
| | states 1:1 | witness 6:14 |
| **p** | stay 3:23 | **x** |
| parking 4:19 | sudden 5:11 | xxxxx 1:10 |
| parties 6:11 | **t** | **y** |
| plaintiffs 1:13 | talk 3:21 | yeah 4:3,18 5:9 |
| police 2:6 | taylor 1:6,8,12 | yep 4:9 |
| property 3:12 | thank 4:3,8 | |
| pulled 5:14,14 | thereof 1:18,21,24 2:2 | |
| **r** | think 5:14,17 | |
| really 4:25 5:3 | time 5:6 | |
| recording 2:23 | timothy 1:22 | |
| relative 6:9 | told 3:8 | |
| reporter 6:4,21 | transcribed 2:23 6:7 | |
| ride 3:17 | transcript 6:6,7 | |
| right 3:21 4:13,22 4:24 | transcription 2:5 3:3 5:22 6:1 | |
| rpr 2:24 | true 6:8 | |
| running 5:12 | trunk 5:18,19 | |
| **s** | tsz 1:14 | |
| sarah 1:9 | turn 3:9 | |
| scott 1:19 | **u** | |
| screen 3:4 5:21 | undersigned 6:3 | |
| seat 3:24 4:2 | unidentified 3:5,7 3:10,13,15,19,20 4:7,9,10,12,14,16 4:18,21 | |
| seattle 1:15 | | |
| seen 5:6 | | |
| settles 1:9 | united 1:1 | |
| seventh 4:14,16,19 | **v** | |
| shot 5:17 | verbatim 2:5 | |
| showed 3:14 | video 2:6 3:4 5:21 | |
| signature 6:19 | | |
| sir 4:8 | | |
| snap 4:2,5 | | |
| somebody 4:11,20 | | |

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER: THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019. PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS
COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.