The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DEVITTA BRISCOE, individually, and as
executor of the Estate of Che Andre Taylor;
JOYCE DORSEY, individually; CHE ANDRE
TAYLOR, JR., individually; and SARAH
SETTLES on behalf of her minor child,
CHE'LYNN MARIE TAYLOR, and
DEMEKA GREEN for the Estate of Brenda
Taylor,

                              Plaintiffs,

                vs.

CITY OF SEATTLE; MICHAEL
SPAULDING and "JANE DOE"
SPAULDING, and their marital community
composed thereof; SCOTT MILLER and
"JANE DOE" MILLER, and their marital
community composed thereof; TIMOTHY
BARNES and "JANE DOE" BARNES, and
their marital community composed thereof; and
AUDI ACUESTA and "JANE DOE"
ACUESTA, and their marital community
composed thereof,

                              Defendants.

/

No.     2:18-CV-00262-TSZ

MICHAEL SPAULDING, SCOTT
MILLER, TIMOTHY BARNES, AUDI
ACUESTA, AND THE CITY OF
SEATTLE'S MOTIONS *IN LIMINE*

NOTING DATE: June 5, 2020

ORAL ARGUMENT REQUESTED

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI
ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE*
- 1 (2:18-CV-00262-TSZ)

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

**INTRODUCTON**

Officers Michael Spaulding, Scott Miller, Timothy Barnes, Audi Acuesta, and the City of Seattle (collectively "the Defendants") requests that the Court grant each of the *in limine* motions below. By their signature at the end of this motion, counsel for Officers Michael Spaulding, Scott Miller, Timothy Barnes, Audi Acuesta , and the City of Seattle certify that they have, in compliance with Local Rules W.D. Wash. LCR 7(d)(4), conferred in good faith with Plaintiff's counsel in an attempt to resolve the disputes raised in these motions.

**FACTS RELEVANT TO DEFENDANT'S MOTIONS *IN LIMINE***

This action arises out of the encounter between Defendants and Plaintiff Che Andre Taylor on February 21, 2016. The factual context of the underlying incident and the parties' positions are detailed in the City's Motion for Summary Judgment (Dkt. 73).

**MOTIONS *IN LIMINE***

**1. Bar any argument or evidence concerning dismissed claims.**

**Not stipulated**.  Plaintiffs continue to assert dismissed claims that were long dismissed by this Courts in Dkts. 26 and 40. Plaintiffs should be prohibited under from attempting to reintroduce dismissed claims through evidence or argument, which can only serve to distract and confuse the jury.  Fed. R. Evid. 402, 403.

**2. Bar any reference to unrelated prior uses of force by any of the Defendant officers and/or statements about other cases involving the defendants.**

**Not stipulated.**  At their depositions, the Defendant officers were asked about unrelated prior uses of fatal force and their prior lawsuits.  Such information should be excluded because it is inadmissible as irrelevant and unfairly prejudicial.  Fed. R. Evid. 404(b) prohibits the introduction of evidence of prior bad acts to prove behavior in conformity therewith.  *United States v. Danielson*, 325 F.3d 1054, 1075 (9th Cir. 2003).  "Evidence of prior bad acts, including acts that are merely unpopular

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE* - 2 (2:18-CV-00262-TSZ)

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

or disgraceful, is presumptively inadmissible." *Otero v. Washington*, No. C08-5666 RJB, 2009 WL 1884446, at *7 (W.D. Wash. June 30, 2009).   For evidence of "bad acts" to be admitted for another purpose under Rule 404(b)(2), four criteria must be met: (1) there must be "sufficient evidence to support a finding by the jury that the defendant committed the similar act," *United States v. Miller*, 874 F.2d 1255, 1268 (9th Cir. 1989) (internal quotation marks omitted); (2) "the prior [act] must not be too remote in time from the commission of the [present wrong]," *United States v. Bailleaux*, 685 F.2d 1105, 1110 (9th Cir. 1982); (3) "the prior . . . conduct must, in some cases, be similar to the offense charged," *id.*; and (4) "the prior . . . conduct must be introduced to prove an element of the charged offense that is a material issue in the case," *id.*  In addition, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

Further, an extension of the "other incidents/cases" issue often arises in police-related cases when plaintiffs seek to introduce "evidence" of other news events involving police.  Not only are unrelated incidents/cases inadmissible as irrelevant and unfairly prejudicial, but newspapers, television stories, radio broadcasts, magazines, internet postings, and the like are generally out-of court statements inadmissible to prove the truth of the statements therein.  See Fed. R. Evid. 801-803; *Larez v. City of Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991). Any reference to, introduction of, or argument based upon the existence or content of any such documents or media violates the hearsay rule and would be irrelevant and unduly prejudicial.

3. **Exclude testimony and evidence concerning the City of Seattle's self-insurance, evidence regarding the City's financial status, and evidence regarding indemnification of officers by the City.**
   **Plaintiffs agree**. Any testimony or evidence concerning the city's insurance, financial status, or

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI
ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE*
- 3 (2:18-CV-00262-TSZ)

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

indemnification scheme is wholly irrelevant to this action, Fed. R. Evid. 401, 402, prejudicial, and is expressly inadmissible under Fed. R. Evid. 411.

4.   **Exclude evidence of specific medical diagnoses for any party or witness (physical or psychological) without competent medical testimony.**

**Not stipulated**.  Although Defendants acknowledge that Plaintiffs may testify concerning their alleged immediate injuries within their personal knowledge and to the extent appropriate for a lay witness, testimony about plaintiffs' medical or mental health condition(s) that is beyond the subject of common knowledge, such as any ongoing or chronic medical or psychological conditions allegedly caused by the incident requires expert medical testimony. Any statements by Plaintiffs or others about what Plaintiffs' medical providers told them is hearsay with no applicable exception.

5.   **Bar any witness or evidence not previously disclosed (other than rebuttal witnesses or exhibits) unless for impeachment purposes.**

**Plaintiffs agree except impeachment witnesses and evidence**.  In accordance with Fed. R. Civ. P. 26 and 37(c)(1), the Court should exclude all witnesses and exhibits not timely disclosed by Plaintiffs, and all exhibits (other than illustrative exhibits or exhibits to be used for impeachment only).  Rule 37(c)(1) provides in relevant part, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1). The Ninth Circuit has "explained that 'Rule 37(c)(1) gives teeth to [this requirement] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.'" *Torres v. City of Los Angeles*, 548 F.3d 1197, 1212 (9th Cir. 2008) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001))

6.   **Exclude non-party witnesses from the courtroom.**

**Not Stipulated**. All individual non-party witnesses should be excluded until each person

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE* - 4 (2:18-CV-00262-TSZ)

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

has given testimony and has been released by the Court so as to prevent any witness from hearing the testimony of other witnesses. Fed. R. Evid. 615. Plaintiffs have an identical motion *in limine* (Pl's MIL 19). It is unclear why Plaintiffs refused to stipulate to this motion.

**7. Preclude argument that the jury should put themselves in party's shoes/Golden Rule Arguments.**

**Not stipulated**.  It is axiomatic that the federal courts preclude such arguments, which is essentially an appeal for sympathy.  "An appeal to the jury to imagine itself in the plaintiff's position is impermissible because it encourages the jury to depart from its neutral role." *Joan W. v. City of Chicago*, 771 F.2d 1020 (7th Cir. 1985).  The Court should exclude any testimony, evidence, or argument that the jury should place itself in a party's position. Hypotheticals or generalized statements about what a reasonable person would do are not included in this request–it is the sympathy appeal that is prohibited.

**8. Bar Plaintiffs' counsel in voir dire from stating any specific dollar amount for damages or inquiring about a juror's ability to award a particular amount.**

**Not stipulated**. Plaintiffs' counsel should not be permitted to discuss any particular damages amounts during voir dire. Such discussion may tend to prematurely suggest to the jury that particular dollar amounts are appropriate.  Plaintiffs' counsel should be limited to discussing damages in a more general manner.

**9. Bar bolstering evidence of Plaintiffs' or Plaintiff Che Andre Taylor's character.**

**Not stipulated.**  Any testimony regarding the bolstering of Plaintiffs' or Plaintiff Che Andre Taylor's character is prohibited under Fed. R. Evid. 401 and 403.  Unless Plaintiffs provide an offer of proof for how such bolstering evidence is relevant and not outweighed by unfair prejudice to Defendants, the Plaintiffs should be precluded from introducing such inadmissible testimony.

**10. Bar any discussion about any other shooting incidents or Office of Professional**

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE* - 5 (2:18-CV-00262-TSZ)

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

**Accountability investigations <u>not relating to</u> the subject incident.**

**Not stipulated**. The Office of Professional Accountability (OPA) investigated the subject incident but did not sustain any finding against any of the Defendant officers or any other SPD officer. Any use of OPA interview transcripts should be referred to as "interview transcripts," without discussion of their source. Any discussion about other shooting incidents or any OPA investigations not relating to the subject incident should be excluded.

Evidence of prior misconduct, prior complaints, prior lawsuits, and personnel complaints must be excluded under Federal Rule of Evidence 404(b) which provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." *Valerie Allen v. City of Los Angeles et al.*, 2012 WL 1641712*4 (citing *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir.1993) (excluding evidence of prior acts of police officer in civil rights case)). Similarly, admitting evidence concerning internal affairs investigations and conclusions would be unduly prejudicial under Fed. R. Evid. 403 because a jury might give undue weight to such conclusions. *Id.* (citing *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir.1986)). Moreover, a violation of a departmental policy does not necessarily mean that any constitutional or even state law violation has occurred. *Id.* (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984); *Edwards v. Baer*, 863 F.2d 606, 608 (8th Cir.1989) ("While the unfortunate incident that gave rise to the lawsuit would not have occurred if [the defendant police officer] had followed the department's guidelines, police department guidelines do not create a constitutional right.")); *see also Berkovich v. Hicks*, 922 F.2d 1018 (2d Cir. 1991) (upholding the exclusion at trial of all references to the defendant police officers' history of prior civilian complaints pursuant to 403 and 404(b) of the Federal Rules of Evidence). Defendants anticipate that Plaintiffs may attempt to reference or introduce evidence of other shooting incidents and/or OPA investigations involving individual defendants. The Court should rule in limine that Plaintiffs may not

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE* - 6 (2:18-CV-00262-TSZ)

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

do so, as that evidence would only be used in an attempt to make a propensity inference.

**11. Bar any evidence that the officers' actions did not conform to SPD policies, procedures, or training, specifically excluding any reference to the Taser Training Manual used at depositions for lack of foundation, irrelevance and unfair prejudice.**

**Not stipulated**.  Plaintiffs should be barred from introducing any evidence that the officers' actions did not conform to SPD policies, procedures, or training.  Further, the Court should exclude any reference to the Taser Training Manual used at depositions for lack of foundation, irrelevance and unfair prejudice as any such references are irrelevant to any claims in this case.  Plaintiffs have not pleaded claims against the City—or any defendant, for that matter—concerning departmental performance evaluations, reporting of arrests and detentions, appraisal of the right to counsel, searches, and detainee management. As such, not only are these materials irrelevant, but they are unrelated to any claim actually pleaded in this case.

Even if the policies were tangentially relevant to a claim in this case, SPD policies and practices and an officer's failure to comply with same does not establish a constitutional violation. The standard for the Plaintiffs' claims are the Fourth and Fourteenth Amendments of the United States Constitution, not compliance with SPD policies and procedures. *See, e.g., Whren v. United States*, 517 U.S. 806, 815 (1996) ("[p]olice enforcement practices . . . vary from place to place and from time to time. We cannot accept that the search and seizure protections of the Fourth Amendment are so variable and can be made to turn upon such trivialities.") (internal citations omitted).  Similarly, here, the Court should decline to evaluate the constitutionality of Defendants' actions based on their compliance or non-compliance with SPD policies and procedures.

Accordingly, the issue of conformance to SPD policies and procedures is wholly irrelevant to the evaluation of Plaintiffs' claims in this case and Plaintiffs should be precluded from using such evidence at trial.  Further, any reference to the Taser Training Manual used at depositions should be

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE* - 7 (2:18-CV-00262-TSZ)

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

excluded for lack of foundation, irrelevance, and unfair prejudice.

**12. Bar any testimony, evidence, or argument regarding loss of future income or business opportunities for Plaintiff Che Andre Taylor.**

**Not stipulated**. Any such testimony, evidence, or argument regarding loss of future income or business opportunities for Plaintiff Che Andre Taylor not only lacks an evidentiary basis as it is mere speculation but would also unfairly prejudice defendants.  Plaintiffs have failed to produce any evidence that Plaintiff Che Andre Taylor was every gainfully employed in a lawful job.  Further, Plaintiffs cannot receive compensation for Plaintiff's unlawful enterprises.  Plaintiffs' speculative testimony on Plaintiff Che Andre Taylor's "goals and dreams," including but not limited to his hopes of opening a gym or business, should be excluded without any proof of the same.

**13. Exclude evidence of settlement discussions, lack of settlement discussions, or the parties' positions on settlement.**

**Stipulated**. Evidence of the parties' efforts as to compromise or offers to compromise, plans to mediate, consent or refusal to consent to settlement, payments of medical and similar expenses, or lack thereof, are excluded from evidence under Fed. R. Evid. 408 and 409.

**14. Exclude references to the cost of litigation.**

**Stipulated**.  Any reference to litigation expenses incurred by the parties must be excluded from trial.  Expenses of litigation are not recoverable unless authorized by contract, statute, or a recognized ground in equity.  *Lincor Contractors, Ltd. v. Hyskell*, 39 Wn. App. 317, 324, 692 P.2d 903 (1984), review denied, 103 Wn.2d 1036 (1985).

**15. Preclude display of exhibits before the jury, either during opening statements or witness examination, until the exhibit is admitted into evidence, stipulated to by the parties, or permission is obtained from the Court.**

**Not stipulated**.  This motion involves a matter of fundamental fairness.  If an exhibit is used in opening statement or closing argument which is not admissible as evidence or not a fair summary of

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE* - 8 (2:18-CV-00262-TSZ)

1   admissible evidence, an opposing party is unfairly prejudiced.

2   **16. Exclude any reference to the personal experiences or opinions of Plaintiffs' counsel.**

3        **Not stipulated**. Counsel should not be allowed to offer their own opinions as to the case or the

4   evidence, or interject irrelevant or prejudicial personal experiences, including reference to other cases

5   Plaintiffs' counsel has tried. Such conduct is overly prejudicial to defendants under Fed. R. Evid. 403

6   as well as irrelevant to the facts of this case under Fed. R. Evid. 402.

7        Any injection of an attorney's beliefs at trial is improper. *E.g., State v. Case*, 49 Wn.2d 66, 298

8   P.2d 500 (1956); *State v. Collins*, 50 Wn.2d 740, 14 P.2d 660 (1957); *State v. Robinson*, 44 Wn. App.

9   611, 722 P.2d 1379 (1986); *State v. Reed*, 102 Wn.2d 140, 684 P.2d 699 (1984); *State v. Allen*, 57 Wn.

10   App. 134, 787 P.2d 566 (1990). Similarly, it is improper for an attorney to express his or her own

11   personal beliefs about a witness's veracity. *E.g., State v. Neidigh*, 78 Wn. App. 71, 895 P.2d 423 (1995);

12   *State v. Graham*, 59 Wn. App. 418, 798 P.2d 314 (1990); *State v. York*, 50 Wn. App. 446, 749 P.2d 683

13   (1987); *State v. Papadopoulos*, 34 Wn. App. 397, 622 P.2d 59 (1983). Nor may an attorney personally

14   vouch for the credibility of a witness. *State v. Brett*, 126 Wn.2d 136, 892 P.2d 29 (1995). Defendants

15   request that Plaintiffs' counsel be instructed to refrain from expressing such beliefs when in the presence

16   of the jury. To the extent this instruction is violated, the remedy is the Court's immediate instruction to

17   the jury that it shall disregard counsel's statement as inappropriate and a violation of the Court's order.

18   **17. Preclude any inquiry into Defendant Officers' communications with their counsel or any court order.**

19   
20        **Not stipulated**. Pursuant to Fed. R. Evid. 501, discussions between clients and attorneys are

21   considered privileged communications. Fed. R. Evid. 501(a). In particular, Defendant Officers'

22   communications with their attorneys, during this or any other litigation, are absolutely privileged. The

23   parties must refrain from referencing such conversations in the presence of the jury. Fed. R. Evid. 501.

---

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI
ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE*
- 9 (2:18-CV-00262-TSZ)

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

Additionally, the Court should preclude counsel from discussing Court Orders with the jury, such as the Order in limine.

**18. Exclude any testimony, evidence, or argument that Plaintiff Che Andre Taylor did not make a motion with his right arm that was consistent with drawing that firearm.**

**Not stipulated**.  As set forth in Defendants' motion for summary judgment (dkt. 73), Officer Miller saw Che Taylor in possession of a firearm less than an hour prior to the shooting.  As Officers Spaulding and Miller approached Mr. Taylor to arrest him, Mr. Taylor turned in toward the passenger doorway of the vehicle and began drawing the handgun he was carrying on his right hip, or at the very least, made a movement that led the officers to conclude that was what he was doing.  (Dkt. 73, p. 8.) There is no testimony, video, or other evidence that refutes these undisputed facts.  Nevertheless, Defendants anticipate that Plaintiffs will argue Che Taylor did not make a movement with his right arm that was consistent with drawing that gun.  (*See*, dkt. 88, pp. 2-4.)

Plaintiffs have not identified any witnesses who will testify that they saw Mr. Taylor just before he was shot and he was not making the movement that Officers Spaulding and Miller testified they saw him make.  Absent any evidence in that regard, the Court should rule *in limine* that Plaintiffs are not permitted to argue to the jury that Che Taylor did not, in fact, turn and make a motion with his right arm that was consistent with pulling a gun from a holster.  Any such argument would not be supported by evidence, and would be unfairly prejudicial to Defendants.  Fed. R. Evid. 403.

**19. Exclude any references to Defendant Officers' alleged "fixation of gun" / "gun focus."**

**Not stipulated**. Any such references to Defendant Officers' alleged "fixation of gun" / "gun focus" lacks an evidentiary basis and would only unfairly prejudice the Defendants. (*See* Sharifi Dec. Ex. A-D; Deposition of Scott Miller 179:15-21; Deposition of Michael Spaulding 121:11-24; Deposition of Audi Acuesta 40:20-24; Deposition of Timothy Barnes 71:11-13).  Plaintiffs never produced any

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE* - 10 (2:18-CV-00262-TSZ)

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

foundation for what "fixation of gun" / "gun focus" means or how it is relevant.  Further, Plaintiffs have no expert opinion or literature to support the same.  Inserting such unsupported language or "term of art" during examination at trial will only confuse the fact-finder and prejudice the defendants.

**20. Exclude any testimony, evidence, or argument that the officers should have been carrying any particular type of less lethal tool, including a taser or 40 mm shotgun.**

**Not stipulated**.  The Court should exclude any testimony or argument that Officers Spaulding and Miller should have been carrying any particular type of less lethal tool, including, but not limited to a Taser or 40 mm less lethal shotgun.  Such testimony, evidence, or argument is inadmissible, because it is irrelevant and unfairly prejudicial.  The Fourth Amendment analyzes the objective reasonableness of officers' actions based on the facts and circumstances they faced at the time, without the benefit of 20/20 hindsight.  *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865 (1989).  There is no constitutional requirement that law enforcement officers carry any particular type of less lethal tool.  Any argument that the officers should have carried Tasers or some other less lethal tool runs afoul of the Supreme Court's abrogation of the Ninth Circuit's "provocation rule."  In *County of Los Angeles v. Mendez*, 137 S. Ct. 1539 (2017), the Supreme Court analyzed the Ninth Circuit's provocation rule, which allows a Fourth Amendment excessive force claim for an otherwise reasonable use of force if the officer negligently or intentionally provokes the violent confrontation.  *Id*.  In striking down the rule, the Supreme Court held that it is incompatible with Fourth Amendment jurisprudence.  *Id*. at 1546.  Plaintiffs' argument in this regard follows the same forbidden reasoning: had the officers done something differently (carried other less lethal tools), the need for deadly force would not have arisen.  This is a thinly veiled way to argue that even if the force was reasonable, the officers should still be liable, because their alleged tactical failures led to the situation where the force was needed.  That

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE* - 11 (2:18-CV-00262-TSZ)

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1   type of provocation claim is not permitted.

2        Further, because Officers Spaulding and Miller were working undercover (Sharifi Dec., Ex. A

3   24:12-16; Ex. B 54:6-10), they did not have to carry on their persons, nor would it have been prudent or

4   safe for them to carry less lethal options, like Tasers. Carrying such less lethal tools on their persons

5   would have compromised their undercover status, as it requires wearing a duty belt, which would be

6   visible and flag the officers as police.

7        To the extent plaintiff claims the officers were negligent, the Court should also exclude any such

8   evidence or argument. There is no duty under Washington law to carry a particular type of less lethal

9   tool. Indeed, whether an officer is required to carry less lethal tools or not is a policy and training issue.

10  Any duty to train and supervise law enforcement officers is one owed to the public, not an individual

11  plaintiff.   *Fuller v. Lee*, 2014 WL 6982519 at *13 (W.D. Wash. Dec. 9, 2014); *Shope v. City of

12  Lynnwood*, 2011 U.S. Dist. LEXIS 32069, 19-20 (W.D. Wash. 2011) ("[t]he duty of the City to hire,

13  train, retain, and supervise its officers is owed to the public at large, not to plaintiff individually.")

14  The City did not owe plaintiff any duty to equip Officers Spaulding and Miller with less lethal tools.

15  The Court should preclude any argument or testimony that the officers should have been carrying

16  less lethal tools on the day of the incident, or that they can be found liable for failing to carry that less

17  lethal tool.

18      **21. Exclude any testimony, evidence, or argument regarding the significance of particles
         shown on the gun in photographs, or any other forensic science issues.**

19
20      **Not stipulated**. Plaintiffs' counsel filed an unsupported late declaration allegedly in response to

21  the Defendants' Motion for Summary Judgment making unsupported claims about particulate matter on

22  Mr. Taylor's weapon in photographs. (Dkt. 88, p. 2). Additionally, Plaintiffs identify various

23  photographic exhibits in the Proposed Pretrial Order regarding the weapon and the particulate matter on

---

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI
ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE*
- 12 (2:18-CV-00262-TSZ)

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

the same. Any such testimony, evidence, or argument not only lacks an evidentiary basis but also constitutes a layperson speculating on matters beyond a layperson's knowledge. Fed. R. Evid. 701, 702. In Plaintiffs' Response to Defendants' Motion for Summary Judgment (Dkt. 88), Plaintiffs' counsel speculated that "photographs of the gun in the car under the passenger seat show that there was foam from the seat cushions on the gun at the time that the photographs were taken … [t]he foam logically was from the officer's bullets that went through the seat during this incident." (Dkt. 88; p. 2). Such conjecture is mere speculation and Plaintiffs fail to provide any foundational expert testimony. Any testimony, evidence, or argument from Plaintiffs and their witnesses on this subject should be excluded.

**22. Exclude any testimony, evidence or argument regarding plaintiff Che Andre Taylor's state of mind when officers were attempting to take him into custody.**

**Not stipulated**. Plaintiffs' counsel have consistently advanced the claim that Mr. Taylor was "confused" or "trying to comply" when he was shot on the date of incident. Plaintiffs fail to identify a single piece of evidence or a single witness to support this claim, other than Plaintiffs' speculative assumptions. Any testimony, evidence or argument regarding Plaintiff Che Andre Taylor's state of mind or subjective intent not only lacks an evidentiary basis but is also irrelevant to a Fourth Amendment analysis. Rather, only the objective reasonableness of the officers' conduct, given the information they possessed at the time is relevant.

**23. Exclude any testimony, evidence or argument regarding plaintiff Che Andre Taylor's status as a confidential informant.**

**Not stipulated**. Plaintiff Che Andre Taylor's status as a confidential informant is not relevant to an analysis of any of the claims in this case. Plaintiffs' counsel referred to Mr. Taylor's alleged status as a confidential informant ("CI") and the alleged issues that arose at SPD after Mr. Taylor's death. These are all unsupported allegations without any supporting witnesses or evidence. When asked at their depositions, Defendants were not aware of this alleged CI status. (*see e.g.* Sharifi Dec., Ex. D 18:1-4).

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE* - 13 (2:18-CV-00262-TSZ)

Moreover, such information is irrelevant to the use of force and Plaintiffs' claims against defendants, Introduction or reference to such unsupported allegations is not only irrelevant but will only confuse the issues for the fact-finder, and prejudice defendants. No reference, evidence, or testimony regarding the same should be admissible.

When asked in discovery about Mr. Taylor's alleged CI status, Plaintiffs identified the single case of *U.S.A. v. Robert Andre Frazier,* 16-CR-33-RAJ. (Sharifi Dec., Ex. E). In that case, the defense counsel characterized the government's information source (identified by Plaintiffs as Che Andre Taylor) as follows:

> According to the limited discovery just now provided to the defense, the CI has significant criminal history, including a sex offense. He was currently under DOC supervision at the time that he was cooperating with CCO Rongen to provide information about Mr. Frazier. Further, he failed a polygraph the same day he provided this information. On December 1, 2015, CCO Patricia Turner confronted the CI at a DOC meeting and wrote that the CI on that day "was not being honest." See Exhibit A. Further, the CI admitted he was currently profiting from prostitution activities on Aurora while on DOC supervision, a violation of his DOC conditions. Yet, it appears DOC did not punish or sanction him for this. Finally, CCO Turner writes in the DOC chrono: "p continues to lie…" and states that the CI "always attempts to talk his way out of things."

(*U.S.A. v. Robert Andre Frazier,* 16-CR-33-RAJ, Dkt. 93, p. 3). The U.S. Attorneys described Mr. Taylor as follows:

> The informant should probably be more accurately described as a source of information; he was never signed up as a regular informant with the federal investigating agency, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, but merely provided information pertinent to a single investigation. The government here uses the term "informant" not in any technical sense, but just to describe a person who provided information.

(Id., Dkt. 97, p. 2, n. 1). In short, Mr. Taylor's "C.I." status is a red herring, intended to divert attention away from the facts of the case and Mr. Taylor's alleged criminal conduct during the events at issue. This Court should prohibit any evidence, witnesses, reference to, argument about, Mr. Taylor's alleged status as an informant.

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE* - 14 (2:18-CV-00262-TSZ)

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

**24. The Court Should Preclude Any Mention, Discussion, Or Commentary On National Current Affairs Or Politics.**

**Not stipulated.** Counsel from both sides should be precluded from commenting on or in any way referencing political affairs, wearing political buttons, or displaying political stickers or any other form of political paraphernalia. To do so would likely be an improper attempt to curry favor from one or more jurors who would share in the political preferences of the counsel making the comment.

**25. Bar any reference by any witness or counsel to (1) the December 16, 2011, Report of the Department of Justice; (2) the Consent Decree; or (3) generalizations or characterizations about the Seattle Police Department that are not directly relevant to this case.**

**Not stipulated.** Introduction of the DOJ report or the following consent decree is prejudicial. Defendants request that Plaintiffs be prohibited from mentioning the DOJ report or consent decree in any way before the jury. Since the issuance of the 2011 findings report, SPD achieved full and effective compliance with all requirements regarding force policy, training, and outcomes; and is seeking termination of those provisions of the consent decree. (*United States v. City of Seattle*, Civ. No. 12-1282, Dkt. Nos. 439, 611-616.)  Any probative value of the consent decree is greatly outweighed by its prejudicial effect under Rule 403. *See*, *e.g.*, *Allen v. City of Los Angeles*, No. CV 10- 4695 CAS (RCx), 2012 WL 1641712, at *2 (C.D. Cal. May 7, 2012) (finding that the prejudicial effect of any mention of "The Consent Decree," "The Rampart Scandal," "The Code of Silence," or "The Christopher Commission" outweighed any probative value). Indeed, this incident occurred years after the DOJ investigation concluded and there is no evidence connecting this incident to any matters related to that investigation.  This prohibition should include *voir dire*, all testimony and exhibits, and all argument.

/

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE* - 15 (2:18-CV-00262-TSZ)

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

26. **Exclude any testimony, evidence or argument regarding the inquest proceedings pertaining to this incident.**

**Not stipulated.** In accordance with the King County Executive Order in place at the time, an inquest proceeding was held to determine the facts and circumstances of the shooting incident at issue in this case. That inquest received significant media attention. Inquests are not adversarial proceedings but intended to determine the cause of death. *In re Boston*, 112 Wash. App. 114, 118, 47 P.3d 956, 957 (2002); *Miranda v. Sims,* 98 Wn. App. 898, 903, 991 P.2d 681, *review denied,* 141 Wash.2d 1003, 10 P.3d 404 (2000). Although the prosecutor may use the information learned from the inquest in making charging decisions, the inquest results are not binding on anyone. *Id.*, citing *Miranda,* 98 Wn. App. at 903. Introduction of any evidence pertaining to the inquest proceedings will cause juror confusion and may result in the jury giving undue weight to the information or speculating about its significance. Fed. R. Evid. 403. To the extent the parties intend to use transcripts from those proceedings to impeach a witness, they should only refer to the testimony as being sworn proceedings, or general terms to that effect. The Court should exclude all testimony, evidence, and argument about the inquest proceedings themselves, events that occurred or were observed during the proceedings, or the inquest jury's finding in those proceedings.

27. **Exclude any testimony, evidence or argument regarding the "Not This Time" Organization, or Other Similar Organizations.**

**Not stipulated.** Soon after the February 21, 2016 shooting incident at issue, members of Che Taylor's family founded an organization called "Not This Time." *See*, https://www.notthistime.global/our-work/our-story. The purpose of the organization is "to engage with local community members, the families of those who have lost their loved ones to police shootings, and those who work inside the system, to demand more police accountability and safer communities." *Id*. The Court should preclude Plaintiffs and their witnesses from introducing any

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE* - 16 (2:18-CV-00262-TSZ)

1    evidence or mention of this organization, or other similar organizations, as it is not relevant to the

2    objective reasonableness inquiry the jury must make in this case under *Graham v. Connor*.   Fed. R.

3    Evid. 401, 402.  Discussing "Not This Time" or similar organizations would only inject irrelevant

4    social issues into the proceedings, causing juror confusion and unfair prejudice to the Defendants.

5    Fed. R. Civ. P. 403.  Referencing these organizations would also violate the prohibition against

6    "Golden Rule" or "send a message" arguments.

7        28.  **Exclude any testimony, evidence or argument regarding Mr. Taylor's family members'
             and friends' experiences at the hospital after the shooting.**

8

9        **Not stipulated.** At deposition, two witnesses, Sarah Settles and Devitta Briscoe testified about

10   alleged interactions and conversations with Harborview Medical Center staff and Seattle Police

11   Department personnel other than the named defendants.  Ms. Settles and Ms. Briscoe are personal

12   representative plaintiffs, bringing claims on behalf of a minor and a deceased person.  They do not

13   have individual claims in this lawsuit. (Dkt. 62.)  The only plaintiffs who have general damage claims

14   are Che Andre Taylor, Jr. and Joyce Dorsey.  However, neither of them was at the hospital on the

15   evening of the shooting – they were in Texas.  Any testimony, evidence, or argument about Ms. Settles

16   or Ms. Briscoe's experiences at the hospital, or about their alleged treatment by uninvolved Seattle

17   Police officers is irrelevant, as they do not have their own claims for damages.  Fed. R. Evid. 401, 402.

18   It is also unfairly prejudicial to the Defendants, as they were not at Harborview and had no involvement

19   in the interactions of which Plaintiffs may complain.  Fed. R. Civ. P. 403.

20                                        **CONCLUSION**

21       For all the reasons set forth above, the City defendants respectfully request that the Court

22   grant their motions *in limine* in their entirety.

23

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI
ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE*
- 17 (2:18-CV-00262-TSZ)

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

DATED this 21ˢᵗ day of May, 2020.

PETER S. HOLMES
Seattle City Attorney

By:   *s/ Ghazal Sharifi*
      Ghazal Sharifi, WSBA# 47750
      Susan Park, WSBA #53857
      Assistant City Attorneys
      E-Mail:  Ghazal.Sharifi@seattle.gov
      E-Mail:  Susan.Park@seattle.gov
      Seattle City Attorney's Office
      701 Fifth Avenue, Suite 2050
      Seattle, WA 98104
      Phone:  (206) 684-8200

By      *s/ Thomas P. Miller*
      Thomas Miller, WSBA #34473
      CHRISTIE LAW GROUP
      2100 Westlake Avenue N., Suite 206
      Seattle, WA 98109
      Phone: 206-957-9669
      Email: tom@christielawgroup.com


      *Attorneys for Defendants*

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI
ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE*
- 18 (2:18-CV-00262-TSZ)

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1

**CERTIFICATE OF SERVICE**

2
        I hereby certify that on May 21, 2020,  I electronically filed the foregoing with the Clerk of
the Court using the CM/ECF system which will send notification of such filing to the following:

3

4
        Thomas P. Miller, WSBA# 34473
        Christie Law Group, PLLC

5
        2100 Westlake Avenue N., Suite 206
        Seattle, WA 98109
        *[Co-Counsel for Defendants]*

6

7
        James Bible, Esq., WSBA# 33985
        James Bible Law Group

8
        14205 SE 36th Street, Suite 100
        Bellevue, WA 98006
        *[Attorney for Plaintiffs]*

9

10
        Shakespear N. Feyissa, Esq., WSBA# 33747
        Law Offices of Shakespear N. Feyissa

11
        1001 4th Avenue, Suite 3200
        Seattle, WA 98154
        *[Attorney for Plaintiffs]*

12

13
        Jesse Valdez, Esq. WSBA# 35278
        Valdez Lehman, PLLC

14
        14205 SE 36th Street, Ste. 100
        Bellevue, WA 98006
        *[Attorney for Plaintiffs]*

15

16

17
         _s/ Ghazal Sharifi_____
        Ghazal Sharifi, Assistant City Attorney

18

19

20

21

22

23

MICHAEL SPAULDING, SCOTT MILLER, TIMOTHY BARNES, AUDI
ACUESTA, AND THE CITY OF SEATTLE'S MOTIONS *IN LIMINE*
- 19 (2:18-CV-00262-TSZ)

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200