HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVITTA BRISCOE, individually, and as executor of the Estate of Che Andre Taylor; JOYCE DORSEY, individually; CHE ANDRE TAYLOR, JR., individually; and SARAH SETTLES on behalf of her minor child, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and DEMEKA GREEN for the Estate of Brenda Taylor,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE; MICHAEL SPAULDING and "JANE DOE" SPAULDING, and their marital community composed thereof; SCOTT MILLER and "JANE DOE" MILLER, and their marital community composed thereof; TIMOTHY BARNES and "JANE DOE" BARNES, and their marital community composed thereof; and AUDI ACUESTA and "JANE DOE" ACUESTA, and their marital community composed thereof,<br><br>　　　　　　　　　　Defendants. | NO. 2:18-cv-00262-TSZ<br><br>DEFENDANTS' MOTION FOR RECONSIDERATION<br><br>**Noted for Consideration:**<br>**September 15, 2020** |

DEFENDANTS' MOTION FOR
RECONSIDERATION - 1
(2:18-cv-00262-TSZ)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669


Under Fed. R. Civ. P. 59(e) and Local Civil Rule 7(h), Defendants Michael Spaulding and Scott Miller ("Defendants") respectfully request this Court reconsider its Order denying summary judgment with respect to Plaintiffs' false arrest claims. (Dkt. #117.) Given Officer Miller's uncontroverted testimony that he witnessed Mr. Taylor commit a felony, probable cause did not go "stale."

## I. UNDISPUTED MATERIAL FACTS

On February 21, 2016, Seattle Police Officers Scott Miller and Michael Spaulding were working in plain clothes in an unmarked police car, doing undercover surveillance on a known drug house at NE 85th Street and 21st Avenue in Seattle. (Dkt. #117, p. 3.) At approximately 1540 hours, Officers Spaulding and Miller observed a black Dodge Magnum pull up and park in front of the house they were surveilling. (*Id.*, pp. 3-4.) Both Officer Miller and Officer Spaulding recognized Taylor, with Officer Spaulding exclaiming, "that's Che." (*Id.*, p. 4.) Both officers recognized Mr. Taylor and knew he was recently released from prison and was now dealing narcotics. (*Id.*; Spaulding Inquest, 1006:2-1007:15; Spaulding Decl., Ex. A, p. 4.) When Mr. Taylor exited his vehicle, Officer Miller observed a black handgun in a holster on Mr. Taylor's right hip. (Dkt. #117, p. 4.) Officer Miller told Officer Spaulding that Che Taylor had a Glock on his right hip. (*Id.*)

At 1540 hours, Officer Miller ran a check and confirmed that Mr. Taylor was a convicted felon and considered an "armed career criminal." (Dkt. #117, p. 4.) At 1615 hours, Officers Spaulding and Miller advised Officers Barnes and Acuesta that Mr. Taylor was in a white vehicle and requested they move in to assist in making the arrest. (*Id.*, pp. 4-5.) Mr. Taylor was shot

DEFENDANTS' MOTION FOR
RECONSIDERATION - 2
(2:18-cv-00262-TSZ)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

during the officers' attempted arrest. (*Id*., p. 6.) It is undisputed that a black handgun was located underneath the passenger seat of the White Ford Taurus soon after the shooting. (*Id*., p. 9.) While the Court observed that eye-witness Mr. Papageorge told investigators he did see Mr. Taylor in possession of a gun earlier that day, Mr. Papageorge did not deny or dispute that Mr. Taylor had a gun on him when Officer Miller observed it. (*Id*., p. 10.)

## II. ARGUMENT AND AUTHORITIES

Defendants recognize that motions to reconsider are disfavored. "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000) (quoting 389 *Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999)) (internal quotation marks omitted). However, reconsideration is warranted, because the Court's denial of summary judgment on Plaintiffs' false arrest claims is clear error.

**A. Probable Cause to Arrest Mr. Taylor Was Not "Stale."**

In its Order on summary judgment, this Court acknowledged that there is no dispute that Mr. Taylor was a convicted felon and that Officer Miller observed Mr. Taylor in possession of a gun approximately thirty minutes prior to the attempted arrest of Mr. Taylor. (Dkt. #117, pp. 15-16.) But, the Court reasoned that probable cause had gone "stale" in the time between Officer Miller's observation and the arrest. (*Id*.)

The Court's ruling presumes that an officer's observation of a suspect committing a felony crime must be acted upon immediately, or at least within 30 to 35 minutes of that observation, or

DEFENDANTS' MOTION FOR
RECONSIDERATION - 3
(2:18-cv-00262-TSZ)

**Christie Law Group, PLLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

probable cause to arrest will be lost. However, that is contrary to well-settled law. Under Washington law, "[a] police officer having probable cause to believe that a person has committed or is committing a felony shall have the authority to arrest the person without a warrant." RCW 10.31.100. Federal law is in accord. Probable cause exists when in the totality of the circumstances within an officer's knowledge would cause a reasonably prudent person to believe that a crime **has been**, or is being committed. *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1053 (9th Cir. 2009) (emphasis added). Additionally, an officer is not generally required to continue investigating once he or she has probable cause to arrest. *Ewing v. City of Stockton*, 588 F.3d 1218, 1227 (9th Cir. 2009). The law recognizes that a warrantless arrest is permitted when an officer has information that a crime has been committed. So, even if Mr. Taylor was not in possession of the gun at the time the officers moved in to arrest him, it is undisputed that he was observed in possession of a gun 30 minutes prior and that he was a felon. Those undisputed facts gave the officers probable cause that Mr. Taylor had committed a crime, regardless of whether he was continuing to commit the crime when they attempted to apprehend him.

In its Order, the Court cites to *United States v. Brinklow*, 560 F.2d 1003 (10th Cir. 1977), a case involving issuance of a search warrant, for the proposition that probable cause went "stale." (Dkt. #117, p. 16.) The Court relied on the following holding from *Brinklow*: "Probable cause ceases to exist when it is no longer reasonable to presume that items, once located on the premises [or the person], are still there." *Id*., citing *Brinklow*, 560 F.2d at 1005. In *Brinklow*, the officer had information from a conversation with an accomplice that the suspect had bomb making materials in his motor home. The officer surveilled the motor home for a number of months, then

applied for a warrant. The court framed the issue as follows, "[t]he substantive question is whether probable cause existed at the time the warrant issued to believe that the items were still located at the home." *Brinklow*, 560 F.2d at 1005. *Brinklow* addressed a motion to suppress in which the criminal defendant argued that there was no basis to believe the contraband was still in the trailer, given an eleven month gap in time between receipt of the information and the issuance of the warrant. *Id*. That is a completely different situation than the instant one, where Officer Miller saw Mr. Taylor commit the crime. Nevertheless, the *Brinklow* court determined that the time gap of eleven months *did not* defeat probable cause for the warrant to issue, and it denied the motion to suppress. In denying the motion to suppress, the court observed:

> The affidavit need not contain information providing certainty that the objects sought will be found in the search. The issue is not whether there were other places to which the articles might have been removed, but rather whether the facts and circumstances taken as a whole gave the magistrate probable cause to believe that the desired items would be found in the search. It is our determination that they did.

*Brinklow*, 560 F.2d at 1006 (internal cites omitted).

Even though Officer Miller personally witnessed Mr. Taylor commit a felony crime in his presence, this Court held that probable cause to arrest Mr. Taylor had gone stale, because of the lapse in time between Officer Miller's observation of the gun and the arrest. However, *Brinklow* does not stand for such a proposition. Given the fact that a span of eleven months passed between the time bomb materials were reportedly seen in the residence in *Brinklow* and the time the officers obtained a warrant, it cannot be said that a 30 to 35-minute time gap between Officer Miller seeing Mr. Taylor commit a felony and the attempted arrest rendered probable cause for that arrest "stale." Where an officer sees a person commit a crime, a 30 to 35-minute time gap does not defeat

DEFENDANTS' MOTION FOR
RECONSIDERATION - 5
(2:18-cv-00262-TSZ)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

probable cause to arrest. Were that the case, no officer could arrest a person for committing a crime in the officer's presence unless the officer is able to effect that arrest in under 35 minutes. That is not the law. Once Officer Miller saw Mr. Taylor commit the crime, he had probable cause to arrest. *See, e.g., State v. White*, 76 Wn. App. 801, 804-05, 888 P.2d 169 (1995) (where one officer observed suspect engage in drug deal, fellow officer had probable cause to arrest suspect in bathroom stall of restaurant). That probable cause did not expire simply because Mr. Taylor went into a house, where he could have removed the gun from his possession, in the interval between the crime and the arrest. It is undisputed that Mr. Taylor committed a felony in Officer Miller's presence, which provided probable cause to arrest, regardless of the passage of at most 35 minutes. The Court should reconsider its ruling and dismiss all false arrest claims.

**B. Officers Spaulding and Miller are Entitled to Qualified Immunity for the Arrest.**

In denying Defendants' motion for qualified immunity on the false arrest claim, the Court held it was satisfied that, at the time Officers Miller and Spaulding took steps to arrest Mr. Taylor, the "clearly established" law required them, in light of the intervening circumstances, to confirm their original basis for probable cause." (Dkt. #117 at 22.) The Court went on to hold that it could not determine as a matter of law whether Mr. Taylor was in possession of a gun. (*Id*.) Respectfully, however, the Court failed to determine whether, given Officer Miller's undisputed testimony that he observed Mr. Taylor in possession of a gun just 35 minutes prior to the arrest, every reasonable officer in his possession would have known he or she needed fresher or more evidence in order to establish probable cause.

When analyzing the second prong of qualified immunity, the clearly established law must

DEFENDANTS' MOTION FOR
RECONSIDERATION - 6
(2:18-cv-00262-TSZ)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

be "particularized" to the facts of the case. *White v. Pauly*, 580 U.S. ___, 137 S. Ct. 548, 552 (2017). A right is clearly established if the contours of the right are sufficiently clear that every reasonable officer would understand that what he is doing violates that right. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011). As the *Kisela* Court observed, "[s]pecificity is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine…will apply to the factual situation the officer confronts." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018).

Even if the Court insists there is an issue of fact on the existence of probable cause, the officers are still entitled to qualified immunity. Neither the Plaintiffs nor the Court identified any factually similar legal precedent that would have told the officers they could not arrest Mr. Taylor, even though Officer Miller personally observed him commit a felony just 30 to 35 minutes prior. Absent such precedent, the officers are entitled to qualified immunity. By denying qualified immunity, this Court has impliedly held that *every* reasonable officer would have known they could not arrest Mr. Taylor, despite having witnessed him commit a felony within 35 minutes of the arrest. Given RCW 10.31.100, the *Brinklow* opinion, and the litany of case law that permits a warrantless arrest if an officer has knowledge that a crime has been committed, such a holding is untenable and clearly erroneous.

### III.     CONCLUSION

Given the undisputed facts surrounding the arrest and the applicable case law, the Court should reconsider its ruling and dismiss all false arrest claims with prejudice as a matter of law.

/ / /

DEFENDANTS' MOTION FOR
RECONSIDERATION - 7
(2:18-cv-00262-TSZ)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1  DATED this 15th day of September, 2020.

2                                   CHRISTIE LAW GROUP, PLLC

3                                   By      */s/ Thomas P. Miller*
                                 THOMAS P. MILLER, WSBA #34473

4                                   2100 Westlake Avenue N., Suite 206
                                 Seattle, WA 98109

5                                   Phone: 206-957-9669
                                 Email: tom@christielawgroup.com

6                                   Attorney for Defendants

7

8                                   PETER S. HOLMES
                                 Seattle City Attorney

9                                   By      */s/ Ghazal Sharifi*
                                 GHAZAL SHARIFI, WSBA #47750

10                                  SUSAN PARK, WSBA #53857
                                 Assistant City Attorneys

11                                  701 Fifth Avenue, Suite 2050
                                 Seattle, WA 98104-7095

12                                  Email: Ghazal.Sharifi@seattle.gov
                                 Email: Susan.Park@seattle.gov

13                                  Attorneys for Defendants

14

15

16

17

18

19

20

21

DEFENDANTS' MOTION FOR
RECONSIDERATION - 8
(2:18-cv-00262-TSZ)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of September, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system when will send notification of such filing to the following:

Jesse Valdez, WSBA #35378
VALDEZ LEHMAN, PLLC
14205 SE 36th St., Suite 100
Bellevue, WA 98006
Phone: 425-458-4415
Email: jesse@valdezlehman.com
*Attorney for Plaintiffs*
Via Email

Shakespear N. Feyissa, WSBA #33747
LAW OFFICES OF SHAKESPEAR N. FEYISSA
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154-1003
Phone: 206-292-1246
Email: shakespear@shakespearlaw.com
*Attorney for Plaintiffs*
Via Email

James Bible, WSBA #33985
JAMES BIBLE LAW GROUP
14205 SE 36th St., Suite 100
Bellevue, WA 98006-1553
Phone: 425-748-4585
Email: james@biblelawgroup.com
*Attorney for Plaintiffs*
Via Email

Ghazal Sharifi, WSBA #47750
Susan E. Park, WSBA #53857
SEATTLE CITY ATTORNEY'S OFFICE
701 Fifth Avenue, Suite 2050
Seattle, WA 98104-7097
Phone: 206-223-7808
Email: ghazal.sharifi@seattle.gov; susan.park@seattle.gov
*Attorneys for Defendants*

DEFENDANTS' MOTION FOR
RECONSIDERATION - 9
(2:18-cv-00262-TSZ)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1                               CHRISTIE LAW GROUP, PLLC

2                               By    */s/ Thomas P. Miller*

                                    THOMAS P. MILLER, WSBA #34473

3                                     2100 Westlake Avenue N., Suite 206

                                    Seattle, WA 98109

4                                     Phone: 206-957-9669

                                    Email: tom@christielawgroup.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

DEFENDANTS' MOTION FOR RECONSIDERATION - 10
(2:18-cv-00262-TSZ)

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669