UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVITTA BRISCOE, as executor of the ESTATE OF CHE ANDRE TAYLOR, et al.,

Plaintiffs,

v.

CITY OF SEATTLE, et al.,

Defendants.

C18-262 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion for reconsideration, docket no. 118, brought by defendants Michael Spaulding and Scott Miller, is DENIED.

(2) Defendants' motion, docket no. 86, to exclude the opinions of Gregory Gilbertson, is DENIED in part, GRANTED in part, and DEFERRED in part to trial, as follows:

(a) For the reasons set forth in the Order entered September 1, 2020, defendants' motion to entirely preclude Gilbertson from testifying at trial is DENIED. *See* Order at 9 n.5 (docket no. 117). Indeed, Gilbertson has qualified to testify as an expert witness in other cases in this district, including for the trial in *Soule v. City of Edmonds*, W.D. Wash. Case No. C14-1221 TSZ.

(b) Defendants' motion to limit Gilbertson's testimony is GRANTED in part and Gilbertson will not be permitted to offer any (i) legal conclusions (for

example, about the existence or non-existence of probable cause),[1] (ii) conjectures about the knowledge or intent of others (for example, whether Officers Miller and Spaulding knew that the "most reasonable and prudent course of action was to delay arresting" Che Andre Taylor), and/or (iii) comments about the evidence. *See* Order at 16 n.10, 21 n.13, & 24-25 n.15 (docket no. 117).

(c) Defendants' motion to limit Gilbertson's testimony is otherwise DEFERRED to trial.

(3) Plaintiffs' motions in limine, docket no. 111, are GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

1. Motion to prohibit any reference to any drug and/or alcohol abuse by Che Andre Taylor ("Taylor") is GRANTED;

2. Motion to exclude any mention of a tax on any recovery is DEFERRED to the Pretrial Conference;

3. Motion to prohibit any reference to attorney's fees, any legal services agreements, and/or possible recovery of attorney's fees and costs pursuant to 42 U.S.C. § 1988 is GRANTED;

4. Motion to exclude any undisclosed witnesses or evidence is GRANTED, unless offered for impeachment or allowed by the Court's rulings at trial;

5 Motion to prohibit any testimony by counsel or comments on witness testimony (except in closing argument) is GRANTED;

6. Motion to prohibit mention of the presentation of plaintiffs' motions in limine is GRANTED, except for objections based on prior rulings of the Court;

7. Motion to preclude any claim or suggestion that a jury award will take money from the taxpayers is GRANTED;

8. Motion to prohibit demands, in the presence of the jury, for materials in plaintiffs' or plaintiffs' counsel's possession is DEFERRED to the Pretrial Conference;

---

[1] Defendants seek to prevent Gilbertson from testifying that the force used against Che Andre Taylor was excessive. *See* Defs.' Mot. at 9 & App. A (docket no. 86). Gilbertson did not, however, set forth in his report an opinion concerning this ultimate issue for the trier of fact. *See* Gilbertson Report, Ex. B to Gilbertson Decl. (docket no. 90-2). In this regard, defendants' motion is DENIED as moot.

9. Motion to allow the Court's Unconscious Bias Video to viewed by the jury is GRANTED;

10. Motion to preclude reference to any witnesses as "experts" is DENIED;

11. Motion to require all witnesses to wear civilian clothing is DENIED;

12. Motion to allow Taylor's autopsy photos is DEFERRED to the Pretrial Conference; plaintiffs should be prepared to identify any photos they seek to admit;

13. Motion to allow Taylor's photos and family photos is DEFERRED to the Pretrial Conference; plaintiffs should be prepared to identify any photos they seek to admit;

14. Motion to preclude testimony or argument concerning any statements by anyone regarding Taylor's alleged possession of a gun is DEFFERED to the Pretrial Conference;

15. Motion to exclude the testimony of defense expert William Neale is GRANTED as to substantive evidence, and DEFFERED to the Pretrial Conference as to the admissibility of the animation and related testimony as demonstrative evidence;

16. Motion to exclude the testimony of defense expert Matt Noedel is GRANTED in part and DEFERRED in part to the Pretrial Conference; Noedel will not be permitted to merely summarize or comment on the evidence; defendants should be prepared to address at the Pretrial Conference the admissibility of Noedel's "conclusions," as set forth in his Report dated December 6, 2019, Ex. A to Sharifi Decl. (docket no. 113-1);

17. Motion to exclude the testimony of defense expert Michael Odle is GRANTED;

18. Motion to exclude the testimony of defense expert Jennifer Piel is DEFERRED to the Pretrial Conference; defendants are DIRECTED to file under seal, within five (5) days of the date of this Minute Order, a copy of Dr. Piel's report;

19. Motion to exclude the testimony of defense expert Allen Muchmore is DEFFERED to the Pretrial Conference;

20. Motion to exclude any argument or mention that the individual defendants would be required to pay part or all of any judgment in this case is GRANTED;

21. Motion to preclude defendants from implying to the jury that they have no prior record of misconduct or citizen complaints is DEFFERED to the Pretrial Conference;

22. Motion to allow plaintiffs to present argument about “the conscience of the community” is DENIED;

23. Motion to exclude evidence or argument concerning Taylor’s prior arrests, prison record, and/or criminal record is DENIED to the extent that Officers Miller and/or Spaulding had actual knowledge of the arrests, prison record, and/or criminal record at the time of the shooting at issue, and DEFERRED to the Pretrial Conference as to evidence that might be relevant to damages;

24. Motion to exclude evidence or argument characterizing Taylor’s actions as an attack, pulling a gun, or not complying with officers’ commands is DENIED; and

25. Motion to exclude evidence or argument concerning Taylor’s prior bad acts is DENIED to the extent that Officers Miller and/or Spaulding had actual knowledge of such prior bad acts at the time of the shooting at issue, and DEFERRED to the Pretrial Conference as to evidence that might be relevant to damages.

(4) Defendants’ motions in limine, docket no. 109, are GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

1. Motion to bar any argument or evidence concerning dismissed claims is GRANTED;

2. Motion to bar any reference to unrelated prior uses of force by either of the individual defendants and/or statements about other cases involving those defendants is DEFFERED to the Pretrial Conference;

3. Motion to exclude evidence concerning the City of Seattle’s self-insurance, the City’s financial status, and the indemnification of officers by the City is GRANTED;

4. Motion to exclude evidence of specific medical diagnoses for any party or witness (physical or psychological) without competent medical testimony is DEFFERED to trial;

5. Motion to bar any witness or evidence not previously disclosed (other than rebuttal witnesses or exhibits) unless for impeachment purposes is GRANTED;

6. Motion to exclude non-party witnesses from the courtroom until after they have testified and been released is GRANTED;

7. Motion to preclude argument that the jury should put themselves in a party's shoes (*i.e.*, "Golden Rule" arguments) is GRANTED;

8. Motion to bar plaintiffs' counsel from stating in voir dire any specific dollar amount for damages or inquiring about a juror's ability to award a particular amount is DENIED;

9. Motion to bar evidence bolstering plaintiffs' or Taylor's character is DENIED;

10. Motion to bar discussion about any other shooting incidents or Office of Professional Accountability investigations unrelated to the subject incident is DEFFERED to the Pretrial Conference; plaintiffs are DIRECTED to file, within five (5) days of the date of this Minute Order, copies of any transcripts or other evidence concerning other shootings that they seek to introduce at trial;

11. Motion to bar any evidence that the officers' actions did not conform to Seattle Police Department policies, procedures, or training, including specifically any reference to the Taser Training Manual, is DENIED;

12. Motion to bar any evidence or argument regarding Taylor's loss of future income or business opportunities is DENIED;

13. Motion to exclude evidence of settlement discussions, lack of settlement discussions, or the parties' positions on settlement is GRANTED;

14. Motion to exclude references to the cost of litigation is GRANTED;

15. Motion to preclude display of exhibits before the jury, either during opening statements or witness examination, until the exhibit is admitted into evidence, stipulated to by the parties, or permission is obtained from the Court is GRANTED;

16. Motion to exclude any reference to the personal experiences or opinions of plaintiffs' counsel is DENIED;

17. Motion to preclude inquiry into the individual defendants' communications with their counsel and discussion of any of the Court's orders is DENIED;

18. Motion to exclude evidence or argument that Taylor did not make a motion with his right arm that was consistent with drawing a firearm is DENIED;

19. Motion to exclude any references to the individual defendants' alleged "fixation" on a gun or "gun focus" is DENIED;

20. Motion to exclude evidence or argument that the officers should have been carrying any particular type of less lethal tool, including a taser or 40 mm shotgun, is DENIED;

21. Motion to exclude evidence or argument regarding the significance of particles shown on the gun in photographs is GRANTED; defendants' related motion to exclude evidence or argument regarding "other forensic science issues" is DENIED as vague;

22. Motion to exclude evidence or argument regarding Taylor's state of mind when officers were attempting to take him into custody is GRANTED in part and DENIED in part; witnesses may not testify or speculate about Taylor's state of mind, but plaintiffs may discuss in closing argument the reasonable inferences to be drawn from the evidence concerning what a reasonable person in Taylor's situation would have perceived;

23. Motion to exclude evidence or argument regarding Taylor's status as a confidential informant is GRANTED;

24. Motion to preclude any mention, discussion, or commentary on national current affairs or politics is GRANTED;

25. Motion to bar any reference by any witness or counsel to (1) the December 16, 2011, Report of the Department of Justice; (2) the Consent Decree; or (3) generalizations or characterizations about the Seattle Police Department that are not directly relevant to this case is GRANTED;

26. Motion to exclude any evidence or argument regarding the inquest proceedings pertaining to this incident is GRANTED, except that transcripts of testimony given during the inquest may be used for impeachment purposes without disclosing when or in what context the testimony was given;

27. Motion to exclude any evidence or argument regarding the "Not This Time" organization or other similar organizations is GRANTED, except that potential jurors may be asked during voir dire whether they belong to or contribute money to such organizations;

28. Motion to exclude any evidence or argument regarding Taylor's family members' and friends' experiences at the hospital after the shooting is GRANTED.

(5) Counsel are DIRECTED to meet and confer and to file, by October 2, 2020, a Joint Status Report addressing: (i) when the parties will be prepared for trial in this matter; and (ii) whether the parties consent to conduct the trial remotely via the ZoomGov.com platform. For more information about virtual proceedings, please see the Order dated September 16, 2020, in *Dallo v. Holland America Line N.V., LLC*, W.D. Wash. Case No. C19-865 TSZ (docket no. 53), and visit the District's website at https://www.wawd.uscourts.gov/attorneys/remotehearings.

(6) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 17th day of September, 2020.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk