HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVITTA BRISCOE, as executor of the Estate of Che Andre Taylor; JOYCE DORSEY, individually; CHE ANDRE TAYLOR JR., individually; SARAH SETTLES on behalf of her minor child, ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮; and DEMEKA GREEN for the Estate of Brenda Taylor,<br><br>                Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE; MICHAEL SPAULDING and "JANE DOE" SPAULDING, and their marital community composed thereof; SCOTT MILLER and "JANE DOE" MILLER, and their marital community composed thereof,<br><br>                Defendants. | NO. 2:18-cv-00262-TSZ<br><br>DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPELLATE RULING ON QUALIFIED IMMUNITY<br><br>**Noted for Consideration:**<br>**October 30, 2020** |

## I.    RELIEF REQUESTED

Defendants City of Seattle, Michael Spaulding and Scott Miller ("Defendants") respectfully request that this Court stay all pre-trial litigation and the trial, pending the Ninth Circuit's decision on Officers Spaulding and Miller's interlocutory appeal of this Court's decision denying qualified

DEFENDANTS' MOTION TO STAY
PROCEEDINGS PENDING APPELLATE
RULING ON QUALIFIED IMMUNITY - 1
(2:18-cv-00262-TSZ)

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

immunity on plaintiff's Fourth and Fourteenth Amendment claims. The witnesses, evidence, and arguments relevant to the state law claims against the City and officers overlap to such an extent that a stay would preserve the interests of judicial efficiency, limit the disruptions two trials might have on the involved litigants and witnesses, and avoid the risk of inconsistent verdicts.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Amended Complaint on January 3, 2020, asserting the following causes of action against all defendants: (1) Fourth Amendment false arrest; (2) Fourth Amendment excessive force claim; (3) Fourteenth Amendment Substantive Due Process claims for deprivation of familial relationships; (4) negligence; (5) outrage; and (6) discrimination under Washington's Law Against Discrimination, Title 49.60 RCW. (Amended Complaint, Dkt. #62.) Plaintiffs also asserted a *Monell* claim for 42 U.S.C. § 1983 municipal liability against the City of Seattle. (*Id*.)

On September 1, 2020, this Court entered an order granting in part and denying in part Defendants' Motion for Summary Judgment. (Order, Dkt. #117.) The Court dismissed the following claims: all causes of action against Officers Acuesta and Barnes, the *Monell* claim against the City, Brenda Taylor's and the estate's Fourteenth Amendment claims, and the discrimination claims. (*Id*.) The Court denied summary judgment with respect to the Fourth and Fourteenth Amendment claims against Officers Spaulding and Miller, as well as the negligence and outrage claims against Spaulding, Miller, and the City. (*Id*.)

With respect to the Fourth and Fourteenth Amendment claims against Officers Spaulding and Miller, this Court stated it was not concluding that the officers are not entitled to qualified immunity, but was instead ruling that factual questions precluded granting it at this stage. (*Id*. at

DEFENDANTS' MOTION TO STAY
PROCEEDINGS PENDING APPELLATE
RULING ON QUALIFIED IMMUNITY - 2
(2:18-cv-00262-TSZ)

**Christie Law Group, PLLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

23.)

On September 15, 2020, Officers Spaulding and Miller filed a motion for reconsideration on the Fourth Amendment false arrest claims and denial of qualified immunity with respect to them. (Dkt. #118). The Court denied that motion on September 17, 2020. (Dkt. #120.) On September 29, 2020, Officers Spaulding and Miller filed a timely notice of appeal of this Court's orders denying qualified immunity. (Dkt. #125.)

In its Order denying reconsideration, this Court also ruled on the parties' motions in limine and ordered the parties to submit a joint status report with respect to their availability for trial and whether they will consent to conducting trial remotely via Zoom. (Dkt. #120.) The parties filed a joint status report with the Court on October 1, 2020. (Dkt. #126.) In it, the parties provided an available trial date of April 19, 2021 and informed the Court that Defendants intention to bring this motion to stay pending the Ninth Circuit's disposition on the appeal. (*Id*.) This Court issued a minute order setting a deadline of October 15, 2020 for filing this motion to stay. (Dkt. #128.)

### III.   ISSUE PRESENTED

Whether, in the interest of judicial economy, the Court should stay all proceedings and trial pending the Ninth Circuit's decision on Officers Spaulding and Miller's interlocutory appeal.

### IV.   EVIDENCE RELIED UPON

Defendants rely on the pleadings, documents, and evidence already on record with this Court.

### V.   ARGUMENT AND AUTHORITIES

A district court's denial of a claim of qualified immunity, to the extent that it turns on an issue

DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPELLATE RULING ON QUALIFIED IMMUNITY - 3
(2:18-cv-00262-TSZ)

Christie Law Group, PLLC
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

of law, is an immediately appealable "final decision" within the meaning of 28 U.S.C. § 1291.[1] *Mitchell v. Forsyth*, 472 U.S. 551, 527 (1985); *Ames v. King County*, 846 F.3d 340, 347 (9th Cir. 2017). The filing of an immediately appealable interlocutory claim divests the district court of jurisdiction to proceed with trial on that claim; it does not divest the district court of jurisdiction to continue with other phases of the case. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *Plotkin v. Pacific Tel and Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).

Therefore, the filing of an interlocutory appeal does not automatically stay proceedings in the district court. *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972). Instead, the district court has broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and for litigants." *Id*. (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)); *Mediterranean Enterprises, Inc. v, Ssangyong Corp.*, 708 F.2d 1458 1465 (9th Cir. 1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.")

The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). The propriety of the stay is dependent upon the circumstances of the particular case, and it exercising its judgment, the court

---

[1] While this Court ruled that there are genuine issues of material fact with respect to Mr. Taylor's actions and the presence of the handgun that precluded summary disposition of the Fourth Amendment claims and qualified immunity, Defendants respectfully submit that the undisputed facts mandate a grant of qualified immunity. Defendants respectfully submit that the factual disputes cited by the Court with respect to the excessive force claim are speculative and do not create a genuine issue for trial. Additionally, as set forth in Defendants' motion for reconsideration (dkt. #118), Defendants assert the Court erred as a matter of law in holding that probable cause to arrest had gone "stale." These pure legal issues warrant interlocutory review.

should consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;[2] (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 434 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). While the first two factors are the most critical, the Ninth Circuit weighs these factors with a "general balancing" or "sliding scale" approach, under which "a stronger showing of one element may offset a weaker showing of another. *Nken*, 556 U.S. at 434; *Leiva-Perez*, 640 F.3d at 964.

The core reason for a stay here is to avoid duplicative and costly trials that pertain to the same core facts. Plaintiffs' outrage and negligence claims require the jury to resolve the same factual issues as the Fourth Amendment claims – namely, did the officers reasonably perceive that Che Taylor posed an imminent threat of death or serious bodily harm. Defendants have a good faith belief that Officers Spaulding and Miller are entitled to qualified immunity. If they prevail on appeal, there will be no need for a second trial to resolve the federal claims. However, if this Court's order stands and the officers are not entitled to qualified immunity, then the claims against them will be remanded for trial, likely well after the trial on the state law claims has concluded. The Court will then have to set a new case schedule and devote all of the same resources to a second trial on the Fourth and Fourteenth Amendment claims. A new venire of jurors will have to be empaneled, pre-trial motions will be filed and decided, and counsel for Plaintiffs and Defendants will have to prepare for and present a nearly

---

[2] The first factor does not require a demonstration that success on appeal is more likely than not; rather, the moving party need only show that his or her appeal raises serious legal questions or has a reasonable probability or fair prospect of success. *Leiva-Perez v. Holder*, 640 F.3d 962, 971 (9th Cir. 2011).

DEFENDANTS' MOTION TO STAY
PROCEEDINGS PENDING APPELLATE
RULING ON QUALIFIED IMMUNITY - 5
(2:18-cv-00262-TSZ)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1  identical case, involving the same witnesses and the same evidence.  The trials will likely require the
2  testimony from more than fifteen witnesses, including experts whose appearances are costly.[3]

3        In addition to the inefficiency of two trials, there is also a risk of inconsistent verdicts.  If
4  Plaintiffs do not prevail at the first trial, they may still prevail in the second trial on the Fourth and
5  Fourteenth Amendment claims against the officers.  If Plaintiffs do prevail at the first trial, they may
6  not prevail at the second, resulting in inconsistent verdicts based on the same facts.  Given the
7  relatively short briefing schedule on the appeal, with the officers' opening brief due November 30,
8  2020, Defendants respectfully requests that this Court stay the proceedings until the Ninth Circuit
9  rules on the issue of qualified immunity.

## VI.  CONCLUSION

11        The principles of judicial economy support a stay in this matter.  The expense, burden, and
12  risk of two trials with potentially inconsistent verdicts outweighs any countervailing interests in
13  expeditiously resolving the state law claims.  The Court should grant this motion and stay these
14  proceedings until the Ninth Circuit has decided whether the officers are entitled to qualified
15  immunity.

16        DATED this 15th day of October, 2020.

CHRISTIE LAW GROUP, PLLC

By      /s/ Thomas P. Miller
    THOMAS P. MILLER, WSBA #34473
    2100 Westlake Avenue N., Suite 206
    Seattle, WA 98109

---

[3] As set forth in the parties' joint status report, the parties also have a mediation scheduled for December 4, 2020. (Dkt. #126.)  The potential for resolution at mediation also supports a stay.

DEFENDANTS' MOTION TO STAY
PROCEEDINGS PENDING APPELLATE
RULING ON QUALIFIED IMMUNITY - 6
(2:18-cv-00262-TSZ)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1
2      Phone: 206-957-9669
       Email: tom@christielawgroup.com
       Attorney for Defendants

3
4      PETER S. HOLMES
       Seattle City Attorney

5
6      By      /s/ Ghazal Sharifi
       GHAZAL SHARIFI, WSBA #47750
       SUSAN PARK, WSBA #53857
7      Assistant City Attorneys
       701 Fifth Avenue, Suite 2050
8      Seattle, WA 98104-7095
       Email: Ghazal.Sharifi@seattle.gov
9      Email: Susan.Park@seattle.gov
       Attorneys for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

DEFENDANTS' MOTION TO STAY
PROCEEDINGS PENDING APPELLATE
RULING ON QUALIFIED IMMUNITY - 7
(2:18-cv-00262-TSZ)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

**CERTIFICATE OF SERVICE**

1

2  I hereby certify that on the 15th day of October, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing

3  to the following:

4  Jesse Valdez, WSBA #35378
VALDEZ LEHMAN, PLLC
5  14205 SE 36th St., Suite 100
Bellevue, WA 98006
6  Phone: 425-458-4415
Email: jesse@valdezlehman.com
7  *Attorney for Plaintiffs*

8  Shakespear N. Feyissa, WSBA #33747
LAW OFFICES OF SHAKESPEAR N. FEYISSA
9  1001 Fourth Avenue, Suite 3200
Seattle, WA 98154-1003
10  Phone: 206-292-1246
Email: shakespear@shakespearlaw.com
11  *Attorney for Plaintiffs*

12  James Bible, WSBA #33985
JAMES BIBLE LAW GROUP
13  14205 SE 36th St., Suite 100
Bellevue, WA 98006-1553
14  Phone: 425-748-4585
Email: james@biblelawgroup.com
15  *Attorney for Plaintiffs*

16  CHRISTIE LAW GROUP, PLLC

17

18  By    /s/ Thomas P. Miller
THOMAS P. MILLER
2100 Westlake Avenue N., Suite 206
19  Seattle, WA 98109
Phone: 206-957-9669
20  Email: tom@christielawgroup.com
Attorney for Defendants

21

DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPELLATE RULING ON QUALIFIED IMMUNITY - 8
(2:18-cv-00262-TSZ)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669