1                                                    HONORABLE THOMAS S. ZILLY

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
8

9    DEVITTA BRISCOE, as executor of the Estate of
     Che   Andre   Taylor;   JOYCE   DORSEY,
10   individually;   CHE   ANDRE   TAYLOR   JR.,        No.      2:18-cv-00262-TSZ
     individually; SARAH SETTLES on behalf of her
11   minor child, ▆▆▆▆▆▆▆▆▆▆▆▆▆; and            **PLAINTIFF'S RESPONSE TO**
     DEMEKA GREEN for the Estate of Brenda       **DEFENDANTS' MOTION TO STAY**
12   Taylor,                                     **TRIAL AND TRIAL RELATED**
                                                 **DEADLINES PENDING APPEAL AND**
13                    Plaintiffs,                **MOTION TO CERTIFY**
                                                 **INTERLOCUTORY APPEAL AS**
14   v.                                          **FRIVOLOUS**

15   CITY OF SEATTLE; MICHAEL SPAULDING
     and "JANE DOE" SPAULDING, and their marital
16   community composed thereof; SCOTT MILLER
     and "JANE DOE" MILLER, and their marital
17   community composed thereof,

18                    Defendants.

19

20                              **BACKGROUND FACTS**

21          On September 29, 2020, Defendants Spaulding and Miller appealed this Court's decision

22   denying their Motion for Summary Judgment on qualified immunity.  (Dkt. 125).  In rejecting

23

Defendants' argument of qualified immunity to the excessive force claim, the Court found that when the facts were viewed in the Plaintiffs' favor - as required on that motion - there were genuine issues of material fact about whether Officer Spaulding and Miller violated Che Taylor's constitutional rights, which were clearly established at the time of the incident.

This Court in detail has identified the specific material facts in dispute and the basis for denying summary judgment because of these clear factual disputes.  In addition, Defendants City of Seattle and Officer Spaulding and Miller still have pending state law claims in this case.  This Court has wide discretion to grant a stay during a pending interlocutory appeal and there is no justification for a stay in this case.  Defendants' appeal is wholly without merit and is frivolous as a matter of law.

## LEGAL STANDARD

### District Court Maintains Jurisdiction

In the Ninth Circuit, if an "interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial on that claim; its does not divest the district court of jurisdiction to continue with other phases of the case."  *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (*citing United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984)).

### Stay Is Not Warranted

In order to prevail on a motion to stay, the court considers four factors, "(1) whether the applicant has made a strong showing the he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; and (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest

PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION
TO STAY TRIAL AND TRIAL RELATED DEADLINES AND
CERTIFY APPEAL AS FRIVOLOUS
(2:18-cv-00262-TSZ) – Page 2

VALDEZ LEHMAN, PLLC
14205 SE 36th St. Ste. 100
Bellevue, WA  98006
P: 425.458.4415

1    lies." *Nken v. Holder*, 556 U.S. 418, 129 S.Ct. at 1760 (2009).  "The first two factors," *Nken* said,

2    "are the most critical."  *Id.*

3         Plaintiffs agree with this court that factual questions are in dispute, these factual issues must be

4    resolved by a jury, and this case must proceed to trial to determine whether qualified immunity applies.

5    This court stated:

6         "***that factual questions preclude a grant of summary judgment on the subject and the***

7    ***issue of whether Miller and Spaulding should be insulated from personal liability must await***

8    ***trial***. *See Littrell v. Franklin*, 388 F.3d 578, 585 (8th Cir. 2004) (outlining appropriate special

9    interrogatories to the jury)."  (Emphasis Added)

10         Order on Summary Judgment, page 23, lines 2-6.  (Dkt. 117)

11         Defendants state they have a "good faith belief" they are entitled to qualified immunity

12    because they believe they will prevail on the appeal.  *See Defendants Motion to Stay*, page 5 (Dkt.

13    129).  Defendants state they have a "good faith" belief is nothing more than that a belief that fails and

14    falls woefully short of the requirement on whether they will likely succeed on the merits.

15    Defendants have made no showing of irreparable harm and do not argue they are likely to prevail on

16    the merits of their appeal.  Their only argument is judicial economy and that is insufficient as a matter

17    of law.

18         Plaintiffs' believe the Defendants have not met their burden to stay the trial and trial deadlines

19    is the required under *Nken,* as the Plaintiffs believe this is the burden the Defendants must meet to stay

20    the trial and trial deadlines.

21         Defendants broadly assert that the pending appeal would impact the parties' relative positions

22    for trial and enable a more efficient trial process.  Plaintiffs do not believe Defendants have

23    established their need for stay.  Nor have the Defendants met their burden to "to make a strong

PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION
TO STAY TRIAL AND TRIAL RELATED DEADLINES AND
CERTIFY APPEAL AS FRIVOLOUS
(2:18-cv-00262-TSZ) – Page 3

**VALDEZ LEHMAN, PLLC**
14205 SE 36th St. Ste. 100
Bellevue, WA  98006
P: 425.458.4415

showing that [they] will likely succeed on the merits."  The only hardship the Defendants suggest is the time it will take to go forward.

The record is lacking on the Defendants meeting the first two critical factors under *Nken.* Furthermore, granting a stay in this case would cause damage to Plaintiffs by further delaying proceedings.  Granting a stay at this point would require the Court to once again push back the deadlines for any motions in limine, Plaintiff's PreTrial Statement, Noting date for all motions in limine and deadline for agreed pretrial order, Deadline for trial brief and exhibits, as perhaps the trial date.  Witnesses may also become unavailable and Plaintiffs will be denied their day in court- all based on an appeal that is highly unlikely to succeed.  Because Defendants have failed to meet the requirements under *Nken*, this Court should deny the Defendants Motion to Stay.

**Motion to Certify Appeal As Frivolous**

In the Ninth Circuit, if an "interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial."  *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (*citing United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984)).  However, in the context of interlocutory qualified immunity appeals, the Ninth Circuit has adopted a dual jurisdiction rule "wherein 'an appeal from the denial of a frivolous motion ... does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous.'"  *Id.* (*quoting United States v. LaMere,* 951 F.2d 1106, 1108 (9th Cir. 1991)).  A district court may deem an appeal frivolous "when the result is obvious, or the appellant's arguments are wholly without merit."  *Blixseth v. Yellowstone Mountain Club*, LLC, 796 F.3d 1004, 1007 (9th Cir. 2015) (*quoting Glanzman v. Uniroyal, Inc*., 892 F.2d 58, 61 (9th Cir. 1989)); *see Marks v. Clarke*, 102 F.3d 1012,

PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION
TO STAY TRIAL AND TRIAL RELATED DEADLINES AND
CERTIFY APPEAL AS FRIVOLOUS
(2:18-cv-00262-TSZ) – Page 4

**VALDEZ LEHMAN, PLLC**
14205 SE 36th St. Ste. 100
Bellevue, WA  98006
P: 425.458.4415

1017 n.8 (9th Cir. 1996) (a qualified-immunity claim is frivolous if it "is unfounded, so baseless that it does not invoke appellate jurisdiction.") (internal quotation marks and citation omitted).

"An appeal is frivolous if it is 'wholly without merit.'" (*United States v. Kitsap Physicians Serv.* (9th Cir. 2002) 314 F.3d 995, 1003 n.3.) "[A] frivolous qualified immunity claim is one that is unfounded, 'so baseless that it does not invoke appellate jurisdiction. ...'")." (*O'Connell v. Smith* 2014 WL 12819563.)  In the context of qualified immunity, an appeal can be frivolous if: (1) it is based on disputed facts; (2) the qualified-immunity defense was waived; or (3) no reasonable officer could believe that his or her conduct was lawful. (*Chuman v. Wright* (1992) 960 F. 2d 104.)

The doctrine of qualified immunity does not shield defendants from state-law claims. (*Cousins v. Lockyer* (9th Cir. 2009) 568 F. 3d 1063, 1072.  Courts have held the Fourth Amendment's 'reasonableness' standard is not the same as the standard of 'reasonable care' under tort law, and negligent acts do not incur constitutional liability." (*Hayes v. County of San Diego* (2013) 57 Cal.4th 622, 639.); *see also Beltran-Serrano v. City of Tacoma*, 442 P.3d 608 (Wash. 2019) *citing Hayes v. County of San Diego.*

It is Plaintiffs' position that Defendants' appeal is frivolous because the Court rejected Defendants' claim of qualified immunity based on disputed genuine issues of material fact.

Here, the Defendants appeal is frivolous because the Court rejected Defendants' claim of qualified immunity based on genuine issues of material fact.  The Defendants themselves in their own Motion To Stay Trial and Trial deadlines acknowledge and stated that "this this Court ruled ***that there are genuine issues of material fact with respect to Mr. Taylor's actions and the presence of the handgun that precluded summary disposition of the Fourth Amendment claims and qualified immunity***…"  *See Defendants Motion To Stay,* page 4 fn. 1 (Dkt. #129)(Emphasis Added).

PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION
TO STAY TRIAL AND TRIAL RELATED DEADLINES AND
CERTIFY APPEAL AS FRIVOLOUS
(2:18-cv-00262-TSZ) – Page 5

**VALDEZ LEHMAN, PLLC**
14205 SE 36th St. Ste. 100
Bellevue, WA  98006
P: 425.458.4415

In the Order on denying Defendants motion for summary judgment, this Court found genuine issues of material fact remained as to whether Plaintiffs' constitutional rights had been violated.

The court stated:

> "the Court concludes that ***"room for a difference of opinion" exists concerning whether the facts and their reasonable inferences indicate*** that Taylor's seizure was supported by probable cause. *See Chelios v. Heavener*, 520 F.3d 678, 686 (7th Cir. 2008); *see also McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984) ("***the factual matters underlying the judgment of reasonableness generally mean that probable cause is a question for the jury").***"
> (Emphasis Added)

Order on Summary Judgment, Dkt. 117, page 17, lines 2-7.

Plaintiffs agree with this Court that there are genuine issues of material fact in dispute pertaining to probable cause, and these are issues for the jury to decide.  Defendants are trying to manipulate the appeals process to delay a jury trial.  If Defendants are allowed do this, they would further be undermining the role of the jury in this case – resolving disputed facts is expressly reserved for the jury.  The law is clear, interlocutory appeals are only for questions of law, not disputed facts.

This Court correctly viewed the facts in the light most favorable to Plaintiffs as is the standard for a Summary Judgment issue.  The Court held:

> "…the Court cannot determine, as a matter of law, whether Miller's and Spaulding's use of deadly force was reasonable, given the severity of the crime and ***the factual issues*** concerning whether Taylor posed a threat to the safety of the officers."
> (Emphasis Added)

Order on Summary Judgment, Dkt. 117, pages 20-21, lines 14-2.

This Court further found that the constitutional rights in dispute were clearly established at the time of the incident.

PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION
TO STAY TRIAL AND TRIAL RELATED DEADLINES AND
CERTIFY APPEAL AS FRIVOLOUS
(2:18-cv-00262-TSZ) – Page 6

VALDEZ LEHMAN, PLLC
14205 SE 36th St. Ste. 100
Bellevue, WA  98006
P: 425.458.4415

1
2
3
4
5
6

"The Ninth Circuit has also indicated that, prior to February 2016, when Taylor was shot, the law was "clearly established" that law enforcement personnel "may not kill suspects who do not pose an immediate threat to their safety" even if the suspects are armed. *See Van Bui v. City & Cty. of San Francisco*, 699 Fed. App'x 614, 616 (9th Cir. 2017) (defining law as of December 2010, quoting *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997)). ***Whether Taylor was in possession of a gun and whether he attempted to gain access to it cannot be determined as a matter of law. Moreover, to the extent that Taylor's movements were misinterpreted as drawing for a non-existent weapon, the Court cannot, consistent with Beier, conclude that such mistake of fact was, as a matter of law, reasonable as a matter of law, reasonable*.**"
(Emphasis Added)

7

Order on Summary Judgment, Dkt. 117, pages 22-23, lines 14-1.

8
9
10
11
12
13
14

Thus, viewing the facts in light most favorable to the plaintiffs, this Court held it was not reasonable as a matter of law for Officer Spaulding and Miller to shoot and kill an unarmed suspect under these circumstances and the officers would have known these actions would violate the Fourth Amendment. Defendants are not allowed to twist and transform disputed facts into a question of law. In this case, Defendants' appeal is clearly based on disputed facts and thus frivolous under well established law. This Court should certify the Defendants Interlocutory Appeal as Frivolous.

15
16

## **CONCLUSION**

17
18
19

For the reasons set forth above, this Court should deny the Defendants Request To Stay the trial date and all trial related deadlines and Grant Plaintiffs' Motion to Certify the Interlocutory Appeal as Frivolous.

20

DATED this 19th day of October, 2020

21
22
23

By /s/ Jesse Valdez
Jesse Valdez, WSBA #35378
VALDEZ LEHMAN, PLLC.
Co-Counsel and Attorney for Plaintiff

PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION
TO STAY TRIAL AND TRIAL RELATED DEADLINES AND
CERTIFY APPEAL AS FRIVOLOUS
(2:18-cv-00262-TSZ) – Page 7

**VALDEZ LEHMAN, PLLC**
14205 SE 36th St. Ste. 100
Bellevue, WA  98006
P: 425.458.4415

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all interested parties, including but not limited to:

Thomas Miller
Christie Law Group
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
*Attorneys for the Defendants.*

Ghazal Sharifi and Susan Parks,
Assistant City Attorneys
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA. 98104
*Attorneys for the Defendants.*

By: /s/ Jesse Valdez
Jesse Valdez

PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION
TO STAY TRIAL AND TRIAL RELATED DEADLINES AND
CERTIFY APPEAL AS FRIVOLOUS
(2:18-cv-00262-TSZ) – Page 8

VALDEZ LEHMAN, PLLC
14205 SE 36th St. Ste. 100
Bellevue, WA 98006
P: 425.458.4415