HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVITTA BRISCOE, as executor of the Estate of Che Andre Taylor; JOYCE DORSEY, individually; CHE ANDRE TAYLOR JR., individually; SARAH SETTLES on behalf of her minor child, ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇; and DEMEKA GREEN for the Estate of Brenda Taylor,<br><br>                        Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE; MICHAEL SPAULDING and "JANE DOE" SPAULDING, and their marital community composed thereof; SCOTT MILLER and "JANE DOE" MILLER, and their marital community composed thereof,<br><br>                        Defendants. | NO. 2:18-cv-00262-TSZ<br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS' CROSS-MOTION TO CERTIFY APPEAL AS FRIVOLOUS AND REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPELLATE RULING ON QUALIFIED IMMUNITY<br><br>**Noted for Consideration:**<br>**October 30, 2020** |

Defendants City of Seattle, Michael Spaulding and Scott Miller ("Defendants") submit the following Response to Plaintiffs' improperly noted Cross-Motion to Certify Defendants' Interlocutory Appeal as Frivolous and Reply in support of Defendants' motion to stay.

### I.    <u>MOTION TO STRIKE</u>

In accordance with LCR 7(g), Defendants move to strike Plaintiffs' Cross-Motion, because

DEFENDANTS' RESPONSE TO PLAINTIFFS' CROSS-MOTION TO CERTIFY APPEAL AS FRIVOLOUS AND REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPELLATE RULING ON QUALIFIED IMMUNITY - 1
(2:18-cv-00262-TSZ)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

they did not note it properly under LCR(d)(3). Plaintiffs noted their Cross-Motion as a second Friday motion. (See, dkt. #130.) Plaintiffs filed their Cross-Motion on Tuesday, October 20, 2020, and noted it for hearing on October 30, 2020. (Id.) Local Civil Rule 7(d)(2) clearly states that only motions for relief from a deadline and motions for protective orders may be noted for the second Friday after filing. Counsel for Defendants pointed this error out to Plaintiffs' counsel, requesting they renote their cross-motion in accordance with LCR 7(d)(3), but Plaintiffs' counsel rejected that request, writing, "What we filed was a response. It is irretrievable linked to your Motion to Stay. We will keep it as it is." (Sharifi Decl., ¶¶2-4, Ex. 1.) Plaintiffs' filing is not just a response, it contains a cross-motion seeking affirmative relief. They had to note it as such and did so, as reflected in the ECF filing.[1] (Dkt. #130.) As defense counsel pointed out in their email to Plaintiffs' counsel, LCR 7(k) also clearly requires that a cross-motion be noted in accordance with the civil rules, even if that ends up being a different day than the day for which the original motion was noted. The Court should strike Plaintiffs' Cross-Motion to Certify Defendants' Interlocutory Appeal as Frivolous.

Alternatively, if the Court is disinclined to strike it, Plaintiffs' Cross-Motion should be re-noted for its proper note date of November 6, 2020, and Defendants should be afforded the opportunity to provide additional briefing in opposition to it.

Whether, in the interest of judicial economy, the Court should stay all proceedings and trial

---

[1] Plaintiffs' counsel failed to put the note date in the caption of their brief in violation of LCR 7(b)(1), but the ECF email notice and the docket reflect that they noted it as its own motion. (Dkt. #130.)

DEFENDANTS' RESPONSE TO PLAINTIFFS'
CROSS-MOTION TO CERTIFY APPEAL AS
FRIVOLOUS AND REPLY IN SUPPORT OF MOTION
TO STAY PROCEEDINGS PENDING APPELLATE
RULING ON QUALIFIED IMMUNITY - 2
 (2:18-cv-00262-TSZ)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

pending the Ninth Circuit's decision on Officers Spaulding and Miller's interlocutory appeal.

## II. RESPONSE TO CROSS-MOTION

The Court should deny Plaintiffs' Cross-Motion. Defendants' appeal is not frivolous, because it turns on issues of law, not disputed facts. "[A] frivolous qualified immunity claim is one that is unfounded, 'so baseless that it does not invoke appellate jurisdiction' and [ ] a forfeited qualified immunity claim is one that is untimely or dilatory." *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (quoting and explaining *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)).

The Ninth Circuit "has jurisdiction over 'legal' but not 'factual' interlocutory appeals." *A. K. H. by & through Landeros v. City of Tustin*, 837 F.3d 1005, 1010 (9th Cir. 2016). Defendants appeal their denial of qualified immunity on two grounds: first, that the denial of qualified immunity for the probable cause for arrest due to probable cause allegedly being "severed;" and second, the denial of qualified immunity for the officers' use of force in violation of "clearly established" law. As such, the disputes of material fact identified by the Court are not subject to the appeal itself. And the Court's finding on this does not warrant this Court certifying this appeal as frivolous.

First, this Court held that there was no dispute that Mr. Taylor was a felon and Plaintiffs offered no evidence to dispute Officer Miller's observation of the gun. (Dkt. #117 at 15-16.) However, the Court went on to hold that probable cause to arrest Mr. Taylor for unlawful possession of a firearm was "severed" when the officers lost sight of Mr. Taylor. (*Id*.) Defendants moved for reconsideration on this legal issue, but the Court denied the motion. (Dkt. #118). Respectfully, Defendants disagree that probable cause is "severed" and will argue on appeal that

DEFENDANTS' RESPONSE TO PLAINTIFFS'
CROSS-MOTION TO CERTIFY APPEAL AS
FRIVOLOUS AND REPLY IN SUPPORT OF MOTION
TO STAY PROCEEDINGS PENDING APPELLATE
RULING ON QUALIFIED IMMUNITY - 3
 (2:18-cv-00262-TSZ)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

the Court's cited authority was misapplied. (See, dkt. #118.) Accordingly, Defendants submit this is purely an issue of law for the Ninth Circuit to consider. The issue of probable cause does not turn on factual disputes in any way.

The appeal of the Fourth Amendment unlawful arrest claim also bears directly on the appeal of the excessive force claim. If the Ninth Circuit rules the arrest was lawful, then one key element of the excessive force claim would also be established as a matter of law: that the officers had an objectively reasonable belief that Mr. Taylor was armed and subject to arrest when they used deadly force. This is a key fact in the qualified immunity framework, as acknowledged in the Court's summary judgment order (Dkt. 117, pp. 19-20).

Second, Defendants respectfully argue that the "clearly established" doctrine was too broadly and inappropriately applied for a qualified immunity analysis.

> [W]hile "the existence of a genuine dispute about the reasonableness of an officer's use of force does not ... eliminate any basis for an immediate appeal of denial of qualified immunity," *Isayeva v. Sacramento Sheriff's Dep't,* 872 F.3d 938, 945 (9th Cir. 2017) (citing *Mattos v. Agarano*, 661 F.3d 433, 446 (9th Cir. 2011) (en banc)), that appeal properly proceeds with the "defendant argu[ing] ... that the facts, even when considered in the light most favorable to the plaintiff, show no violation of a constitutional right, or no violation of a right that is clearly established in law," *Ames v. King Cty.*, 846 F.3d 340, 347 (9th Cir. 2017) (citation omitted); *see, e.g.*, *Adams v. Speers*, 473 F.3d 989, 990 (9th Cir. 2007) ("Officer Speers can make an interlocutory appeal from the ruling on immunity only if he accepts as undisputed the facts presented by the appellees.... This exceptional remedy is available only if the issue of immunity is presented as a question of law.")

*Shannon v. County of Sacramento*, 2019 WL 2715623, *2 (E.D. Cal. 2019)(unpublished).

The applicable qualified immunity analysis here requires "a reasonable officer at the scene" to know that it was a clearly established violation of law to use force when a known violent

DEFENDANTS' RESPONSE TO PLAINTIFFS' CROSS-MOTION TO CERTIFY APPEAL AS FRIVOLOUS AND REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPELLATE RULING ON QUALIFIED IMMUNITY - 4
 (2:18-cv-00262-TSZ)

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

felon believed to be in possession of a weapon upon the reasonable officer's approach and with the acknowledged video evidence providing uncontroverted evidence that Mr. Taylor was making movements with his body, placing his body in toward the vehicle after repeated (even if confusing) commands. Defendants respectfully argue that the law was not clearly established in that regard. *See Kisela v. Hughes,* 584 U.S. __, 138 S.Ct. 1148, 1153 (2018) (citing *Plumhoff v. Rickard,* 572 U.S. __, 134 S. Ct. 2012, 2023 (2014)). That is, the Court cannot rule as a matter of law that every reasonable officer would know not to use deadly force to protect themselves, given the observation of Mr. Taylor possessing a gun just a half-hour prior and given the furtive movements Mr. Taylor made while officers gave him commands. Respectfully, whether a jury may later determine that Mr. Taylor was not, in fact, reaching for a gun, and was instead trying to get on the ground, does not bear on the use of force and qualified immunity analyses, which focus on the information known to the officers at the time they fired. *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865 (1989). This is the legal issue Defendants will argue on appeal with respect to the excessive force claim. As discussed above, this analysis will also be greatly influenced if the Ninth Circuit finds probable cause that Mr. Taylor was armed with a gun. The legal issues are inextricably intertwined in that regard. Because Defendants' appeal of qualified immunity does not seek determination of issues of fact, the Court should deny Plaintiffs' cross-motion to certify the appeal as frivolous.

### III.   REPLY IN SUPPORT OF MOTION TO STAY

The Court should grant Defendants' motion to stay. Defendants have demonstrated, particularly in regard to the appeal of the false arrest claim, that they are likely to succeed on the

DEFENDANTS' RESPONSE TO PLAINTIFFS' CROSS-MOTION TO CERTIFY APPEAL AS FRIVOLOUS AND REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPELLATE RULING ON QUALIFIED IMMUNITY - 5
 (2:18-cv-00262-TSZ)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

merits. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). While the Court held that probable cause had gone stale, Defendants contend, as set forth in their Motion for Reconsideration of that ruling, that determination was erroneous as a matter of law. (Dkt. #118.)

Defendants have also satisfied the second factor in the test for whether a stay should issue. They will be irreparably harmed by the cost, expense, and duplicative efforts and testimony associated with two trials. *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Hilton*, 481 U.S. at 776. If this Court's order denying qualified immunity is affirmed by the Ninth Circuit and the officers are not entitled to qualified immunity, then the claims against them will be remanded for trial, after the April 2021 trial on the state law claims has concluded. The federal claims and state law claims all involve the same nucleus of common facts. So, many of the same pre-trial motions will be brought, the same witnesses will need to testify, and there will be a risk of inconsistent verdicts, none of which Plaintiffs even addressed in their Response.

DATED this 26th day of October, 2020.

CHRISTIE LAW GROUP, PLLC

By     /s/ Thomas P. Miller
THOMAS P. MILLER, WSBA #34473
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
Phone: 206-957-9669
Email: tom@christielawgroup.com
Attorney for Defendants

/ / /

/ / /

DEFENDANTS' RESPONSE TO PLAINTIFFS' CROSS-MOTION TO CERTIFY APPEAL AS FRIVOLOUS AND REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPELLATE RULING ON QUALIFIED IMMUNITY - 6
 (2:18-cv-00262-TSZ)

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

PETER S. HOLMES
Seattle City Attorney

By  /s/ Ghazal Sharifi
GHAZAL SHARIFI, WSBA #47750
SUSAN PARK, WSBA #53857
Assistant City Attorneys
701 Fifth Avenue, Suite 2050
Seattle, WA 98104-7095
Email: Ghazal.Sharifi@seattle.gov
Email: Susan.Park@seattle.gov
Attorneys for Defendants

DEFENDANTS' RESPONSE TO PLAINTIFFS' CROSS-MOTION TO CERTIFY APPEAL AS FRIVOLOUS AND REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPELLATE RULING ON QUALIFIED IMMUNITY - 7
(2:18-cv-00262-TSZ)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of October, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jesse Valdez, WSBA #35378
VALDEZ LEHMAN, PLLC
14205 SE 36th St., Suite 100
Bellevue, WA 98006
Phone: 425-458-4415
Email: jesse@valdezlehman.com
*Attorney for Plaintiffs*

Shakespear N. Feyissa, WSBA #33747
LAW OFFICES OF SHAKESPEAR N. FEYISSA
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154-1003
Phone: 206-292-1246
Email: shakespear@shakespearlaw.com
*Attorney for Plaintiffs*

James Bible, WSBA #33985
JAMES BIBLE LAW GROUP
14205 SE 36th St., Suite 100
Bellevue, WA 98006-1553
Phone: 425-748-4585
Email: james@biblelawgroup.com
*Attorney for Plaintiffs*

CHRISTIE LAW GROUP, PLLC


By      /s/ Thomas P. Miller
   THOMAS P. MILLER
   2100 Westlake Avenue N., Suite 206
   Seattle, WA 98109
   Phone: 206-957-9669
   Email: tom@christielawgroup.com
   Attorney for Defendants

---

DEFENDANTS' RESPONSE TO PLAINTIFFS' CROSS-MOTION TO CERTIFY APPEAL AS FRIVOLOUS AND REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPELLATE RULING ON QUALIFIED IMMUNITY - 8
(2:18-cv-00262-TSZ)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669