HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEVITTA BRISCOE, as executor of the Estate of Che Andre Taylor; JOYCE DORSEY, individually; CHE ANDRE TAYLOR JR., individually; SARAH SETTLES on behalf of her minor child, ▮▮▮▮▮▮▮▮▮▮▮; and DEMEKA GREEN for the Estate of Brenda Taylor,<br><br>                    Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE; MICHAEL SPAULDING and "JANE DOE" SPAULDING, and their marital community composed thereof; SCOTT MILLER and "JANE DOE" MILLER, and their marital community composed thereof,<br><br>                    Defendants. | No.   2:18-cv-00262-TSZ<br><br>**PLAINTIFFS' SUR-REPLY TO DEFENDANTS' MOTION TO STAY TRIAL AND TRIAL RELATED DEADLINES PENDING APPEAL AND MOTION TO CERTIFY INTERLOCUTORY APPEAL AS FRIVOLOUS** |

PLAINTIFF'S SUR-REPLY TO DEFENDANTS MOTION TO STAY TRIAL AND TRIAL RELATED DEADLINES AND CERTIFY APPEAL AS FRIVOLOUS (2:18-cv-00262-TSZ) – Page 1

**VALDEZ LEHMAN, PLLC**
14205 SE 36th St. Ste. 100
Bellevue, WA 98006
P: 425.458.4415

**BACKGROUND FACTS**

This Court issued an order for the Defendants to file a Motion to Stay on October 15, 2020. (Dkt. # 128). Defendants filed their Motion to Stay on October 15, 2020 ("Motion") – a Thursday, and it was set for October 30, 2020. (Dkt. No. 129). The following week, on Monday, October 19, 2020, the Plaintiffs filed a Response to the Defendants Motion to Stay, ("Response") said Response also incorporated a response to the Defendant's appeal, which it titled as a Motion to Certify the Defendants' Appeal as Frivolous. (Dkt. No. 130). Plaintiffs' informed the Defendants their Responses were irretrievable linked and would move forward with said Responses set for on October 30, 2020. Plaintiffs believe that their Responses to the Defendants Motion to Stay is directly linked with Defendants Notice of Appeal being frivolous. Plaintiffs Response is a response/objection to the Defendants Motion Stay and their Notice of Appeal and Courts have found and held that response/objections could be deemed a motion to certify an appeal as being frivolous[1].

Plaintiffs' position is that all of these matters should be heard and resolved at the same time and not separately. It is in the interest of judicial economy for all matters be heard at once since they are all irretrievable linked to each other.

**LEGAL STANDARD**

**Response/Motion to Certify Appeal As Frivolous**

The Supreme Court has held that "pretrial orders denying qualified immunity generally fall within the collateral order doctrine," *Plumhoff v. Rickard,* 572 U.S. 765, 134 S.Ct. 2012, 2019, 188

---

[1] Hahn v. City of Carlsbad, United States District Court, S.D. California, Case No. Case No. 15-cv-2007 (Court interpreting Objection as a Motion to Certify Appeal as Frivolous. (Dkt No. 112))

PLAINTIFF'S SUR-REPLY TO DEFENDANTS MOTION
TO STAY TRIAL AND TRIAL RELATED DEADLINES AND
CERTIFY APPEAL AS FRIVOLOUS
(2:18-cv-00262-TSZ) – Page 2

**VALDEZ LEHMAN, PLLC**
14205 SE 36th St. Ste. 100
Bellevue, WA 98006
P: 425.458.4415

L.Ed.2d 1056 (2014), and therefore, in the qualified immunity context, "we have jurisdiction over the denial of summary judgment, an interlocutory decision not normally appealable," *George v. Morris,* 736 F.3d 829, 834 (9th Cir. 2013). "This is so because such orders conclusively determine whether the defendant is entitled to immunity from suit; this immunity issue is both important and completely separate from the merits of the action, and this question could not be effectively reviewed on appeal from a final judgment because by that time the immunity from standing trial will have been irretrievably lost." *Plumhoff,* 134 S.Ct. at 2019.

Despite this general rule, "the scope of our review over the appeal [in this context] is circumscribed." *George,* 736 F.3d at 834. A public official may not immediately appeal "***a fact-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial***." *Johnson v. Jones,* 515 U.S. 304, 307, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995) (Emphasis Added). In other words, where "a portion of a district court's summary judgment order" in a qualified immunity case "determines only a question of ***`evidence sufficiency,' i.e.,*** which facts a party may, or may not, be able to prove at trial***," it is not a final decision under the collateral order doctrine.*** *Id.* at 313, 115 S.Ct. 2151. Accordingly, an Appellate court only has jurisdiction only to the extent "the issue appealed concerned, not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of `clearly established law.'" *Id.* at 311, 115 S.Ct. 2151 (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 528, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)); *see also See Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (Court dismissing Defendant's appeal based on qualified immunity because the court lacked jurisdiction to consider questions of evidentiary sufficiency on interlocutory review ).

Defendants claim there are two (2) reasons why their appeal has merit. Neither has any merit. First, probable cause was not and in no way turns on factual issues, thus, this Court was simply dead

PLAINTIFF'S SUR-REPLY TO DEFENDANTS MOTION
TO STAY TRIAL AND TRIAL RELATED DEADLINES AND
CERTIFY APPEAL AS FRIVOLOUS
(2:18-cv-00262-TSZ) – Page 3

VALDEZ LEHMAN, PLLC
14205 SE 36th St. Ste. 100
Bellevue, WA 98006
P: 425.458.4415

wrong.  *See Defendants Response to Plaintiffs Response page 4, lines 2-3 (Dkt. 131)*.  Second, the law was on not clearly established at the time of the incident -- notwithstanding this Court providing Ninth Circuit law that clearly shows the law was in fact "clearly established."  These arguments are unpersuasive and unsupported and should be rejected.

**Probable Cause**

Plaintiffs agree with this Court, that there are factual disputes on probable cause.

This Court already stated:

"[T]ime is a crucial element of probable cause." *United States v. McCall*, 740 F.2d 1331, 1335 (4th Cir. 1984). "Probable cause ceases to exist when it is no longer reasonable to presume that items, once located on the premises [or the person], are still there." *United States v. Brinklow*, 560 F.2d 1003, 1005 (10th Cir. 1977).  Given the amount of time and reasons that Taylor could not be observed, and his return to the scene as a passenger in a vehicle occupied by two other people, one of whom later denied seeing him with a gun on the day of the shooting, the Court concludes that "room for a difference of opinion" exists concerning whether the facts and their reasonable inferences indicate that Taylor's seizure was supported by probable cause.  *See Chelios v. Heavener*, 520 F.3d 678, 686 (7th Cir. 2008); *see also McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984) ("***the factual matters underlying the judgment of reasonableness generally mean that probable cause is a question for the jury").*"  (Emphasis Added)

Order on Summary Judgment, Dkt. 117, page 16-17, lines 12-7.

Plaintiffs position in in line with this Court's decision that there are genuine issues of material fact in dispute pertaining to probable cause, and these factual issues are for the jury to decide.  Plaintiff's believe they will show facts that probable cause was stale as a

PLAINTIFF'S SUR-REPLY TO DEFENDANTS MOTION
TO STAY TRIAL AND TRIAL RELATED DEADLINES AND
CERTIFY APPEAL AS FRIVOLOUS
(2:18-cv-00262-TSZ) – Page 4

VALDEZ LEHMAN, PLLC
14205 SE 36th St. Ste. 100
Bellevue, WA  98006
P: 425.458.4415

significant amount of time had passed, officers also lost visual contact with Mr. Taylor, statements made by a passenger denies Mr. Taylor was armed, and Mr. Taylor was attempting to comply with the Defendants confusing and contradicting commands, which bears on probable cause and qualified immunity. The law is clear, interlocutory appeals are only for questions of law, not disputed facts.

**Law Clearly Established**

This Court correctly viewed the facts in the light most favorable to Plaintiffs as is the standard for a Summary Judgment issue. The Court held:

> "…the Court cannot determine, as a matter of law, whether Miller's and Spaulding's use of deadly force was reasonable, given the severity of the crime and ***the factual issues*** concerning whether Taylor posed a threat to the safety of the officers."
> (Emphasis Added)

Order on Summary Judgment, Dkt. 117, pages 20-21, lines 14-2.

This Court correctly found that the constitutional rights in dispute were clearly established at the time of the incident.

*"The Ninth Circuit* has also indicated that, prior to February 2016, when Taylor was shot, the law was "*clearly established*" that law enforcement personnel "may not kill suspects who do not pose an immediate threat to their safety" even if the suspects are armed. *See Van Bui v. City & Cty. of San Francisco*, 699 Fed. App'x 614, 616 (9th Cir. 2017) (defining law as of December 2010, quoting *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997)). *Whether Taylor was in possession of a gun and whether he attempted to gain access to it cannot be determined as a matter of law. Moreover, to the extent that Taylor's movements were misinterpreted as drawing for a non-existent weapon, the Court cannot, consistent*

PLAINTIFF'S SUR-REPLY TO DEFENDANTS MOTION
TO STAY TRIAL AND TRIAL RELATED DEADLINES AND
CERTIFY APPEAL AS FRIVOLOUS
(2:18-cv-00262-TSZ) – Page 5

**VALDEZ LEHMAN, PLLC**
14205 SE 36th St. Ste. 100
Bellevue, WA  98006
P: 425.458.4415

*with Beier, conclude that such mistake of fact was, as a matter of law, reasonable as a matter of law, reasonable*." (Emphasis Added)

Order on Summary Judgment, Dkt. 117, pages 22-23, lines 14-1.

Defendants can state and believe the law was not clearly established but this belief is distorted and warps the clearly established law presented and set forth by this Court in its order denying Defendants Summary Judgment as it pointed to and cited *Van Bui V. City & Cty of San Francisco* 699 Fed. App'x 614, 616 (9th Cir. 2017) (defining law as of December 2010, quoting *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997)).  Defendants should not be allowed to bend and bow clearly established law to their beliefs.  In this case, the law was clearly established.  Defendants' appeal is clearly without merit and based on disputed facts--thus frivolous under well-established law.  This Court should certify the Defendants Interlocutory Appeal as Frivolous.

**Sur-Reply on Motion to Stay**

This Court should deny the Defendants' motion to stay.  As Plaintiff's have shown, Defendants still cling to their belief which fails to address the requirement on whether they will likely succeed on the merits and there is irreparable harm – everything is based on the appeal, which Plaintiffs believe is wholly without merit.  Plaintiffs' further believe the Defendants have not met their burden to stay the trial and trial deadlines as is required under *Nken v. Holder,* 556 U.S. 418, 434 (2009).

PLAINTIFF'S SUR-REPLY TO DEFENDANTS MOTION
TO STAY TRIAL AND TRIAL RELATED DEADLINES AND
CERTIFY APPEAL AS FRIVOLOUS
(2:18-cv-00262-TSZ) – Page 6

**VALDEZ LEHMAN, PLLC**
14205 SE 36th St. Ste. 100
Bellevue, WA  98006
P: 425.458.4415

## CONCLUSION

For the reasons set forth above, this Court should deny the Defendants Request to Stay the trial date and all trial related deadlines and Grant Plaintiffs' Motion to Certify the Interlocutory Appeal as Frivolous.

DATED this 28th day of October, 2020

By /s/ Jesse Valdez
Jesse Valdez, WSBA #35378
VALDEZ LEHMAN, PLLC.
Co-Counsel and Attorney for Plaintiff

PLAINTIFF'S SUR-REPLY TO DEFENDANTS MOTION
TO STAY TRIAL AND TRIAL RELATED DEADLINES AND
CERTIFY APPEAL AS FRIVOLOUS
(2:18-cv-00262-TSZ) – Page 7

VALDEZ LEHMAN, PLLC
14205 SE 36th St. Ste. 100
Bellevue, WA 98006
P: 425.458.4415

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all interested parties, including but not limited to:

Thomas Miller
Christie Law Group
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
*Attorneys for the Defendants.*

Ghazal Sharifi and Susan Parks,
Assistant City Attorneys
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA. 98104
*Attorneys for the Defendants.*

By: /s/ Jesse Valdez
Jesse Valdez

PLAINTIFF'S SUR-REPLY TO DEFENDANTS MOTION
TO STAY TRIAL AND TRIAL RELATED DEADLINES AND
CERTIFY APPEAL AS FRIVOLOUS
(2:18-cv-00262-TSZ) – Page 8

VALDEZ LEHMAN, PLLC
14205 SE 36th St. Ste. 100
Bellevue, WA 98006
P: 425.458.4415