UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVITTA BRISCOE, as executor of the ESTATE OF CHE ANDRE TAYLOR; JOYCE DORSEY; CHE ANDRE TAYLOR, JR.; and SARAH SETTLES on behalf of C.M.T., a minor,<br><br>     Plaintiffs,<br><br> v.<br><br>CITY OF SEATTLE; MICHAEL and "JANE DOE" SPAULDING; and SCOTT AND "JANE DOE" MILLER,<br><br>     Defendants. | C18-262 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) By Order entered September 1, 2020, docket no. 117, the claims of Demeka Green, as executor of the Estate of Brenda Taylor, were dismissed, and the Clerk is DIRECTED to update the docket accordingly.

(2) The Ninth Circuit having dismissed the appeal in this matter without prejudice to reinstatement in the event that a settlement is not finalized, and having issued its mandate, docket no. 137, the stay pending interlocutory appeal that was imposed by Minute Order entered November 13, 2020, docket no. 135, is hereby LIFTED.

(3) The remaining parties' motion, docket no. 144, brought pursuant to Local Civil Rule 17(c), to approve a settlement involving the claims of a minor, is RENOTED to April 23, 2021.

MINUTE ORDER - 1

(4)     In connection with their pending motion, the parties have provided two different figures for the total costs that plaintiffs' counsel seek from the settlement proceeds.  The stipulated motion indicates that costs are in the amount of $19,348, but the proposed order sets forth costs of $12,890.66 to be paid by the Estate of Che Andre Taylor and $6,445.33 to be paid by Joyce Taylor, for a total of $19,335.99.  By April 23, 2021, plaintiffs' counsel shall file a declaration detailing the costs for which they request reimbursement and providing a mathematically correct sum and allocation of such costs.

(5)     By April 23, 2021, the Settlement Guardian Ad Litem ("GAL") Morgan J. Wais shall file a declaration setting forth (i) his views concerning the currently proposed distribution and disposition of the settlement proceeds,[1] and (ii) his fees for the work performed in this matter.

---

[1] The parties have agreed in principle to a settlement in the amount of $1,500,000.  The parties originally proposed to apportion the gross proceeds as follows:

| Table 1 | Directly from the Settlement | From the Estate's Share of the Settlement | TOTAL ALLOCATED |
|---|---|---|---|
| Joyce Dorsey | $500,000 | $0 | $500,000 |
| Che Andre Taylor, Jr. | $500,000 | $250,000 | $750,000 |
| C.M.T. | $0 | $250,000 | $250,000 |

On March 22, 2021, Mr. Wais indicated to the Court that he did not believe this plan, which would result in the minor receiving substantially less than the other plaintiffs, was reasonable or equitable.  GAL Report at 2 (docket no. 142).  The parties now propose to divide the gross settlement funds as follows:

| Table 2 | Directly from the Settlement | From the Estate's Share of the Settlement | TOTAL ALLOCATED |
|---|---|---|---|
| Joyce Dorsey | $500,000 | $0 | $500,000 |
| Che Andre Taylor, Jr. | $0 | $500,000 | $500,000 |
| C.M.T. | $0 | $500,000 | $500,000 |

See Stip. Mot. at 2 (docket no. 144).  The parties further anticipate placing 2/3rds (67%) of C.M.T.'s share of the settlement into a trust and 1/3rd (33%) of C.M.T.'s share into a blocked account, to be administered by the King County Superior Court, until she reaches the age of 18. Id.  Counsel have indicated that "each *plaintiff* would receive [a net amount of] $293,554," id. (emphasis added), but this statement appears inaccurate because the Estate of Che Andre Taylor is also a plaintiff and, after equally distributing its share of the settlement proceeds to Che Andre Taylor, Jr. and C.M.T., the Estate will have no funds remaining from the settlement.  Moreover, counsel's math does not seem entirely correct; if attorneys' fees are $600,000 and the total costs are $19,348, then the net recovery per individual at issue (not taking into account the GAL fees) appears to be $293,550 plus change (*i.e.*, 66 or 67¢), not $293,554.  Finally, the parties have not indicated how the GAL fees will be allocated.

MINUTE ORDER - 2

(6)  The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 8th day of April, 2021.

William M. McCool
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 3