UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVITTA BRISCOE, as executor of the
ESTATE OF CHE ANDRE TAYLOR;
JOYCE DORSEY; CHE ANDRE
TAYLOR, JR.; and SARAH SETTLES
on behalf of C.M.T., a minor,

　　　　　　　　　Plaintiffs,

　　　v.

CITY OF SEATTLE; MICHAEL and
"JANE DOE" SPAULDING; and
SCOTT AND "JANE DOE" MILLER,

　　　　　　　　　Defendants.

C18-262 TSZ

ORDER

THIS MATTER comes before the Court on a stipulated motion by the remaining parties,[1] docket no. 144, to approve a settlement involving the claims of a minor pursuant to Local Civil Rule 17(c). The parties have agreed in principle to a settlement in the amount of $1,500,000. Because one of the four plaintiffs in this matter is a minor, a Settlement Guardian Ad Litem was appointed to investigate the adequacy of the proposed

---

[1] By Order entered September 1, 2020, docket no. 117, the claims of Demeka Green, as executor of the Estate of Brenda Taylor, and the claims of all plaintiffs against Audi Acuesta and Timothy Barnes were dismissed. The remaining parties are plaintiffs Devitta Briscoe, as executor of the Estate of Che Andre Taylor, Joyce Dorsey, Che Andre Taylor, Jr., and Sarah Settles on behalf of C.M.T. and defendants City of Seattle, Michael and "Jane Doe" Spaulding, and Scott and "Jane Doe" Miller.

ORDER - 1

settlement.  See Order (docket no. 140); see also Local Civil Rule 17(c); Washington Superior Special Proceedings Rule ("SPR") 98.16W.  On March 22, 2021, the Settlement Guardian Ad Litem ("GAL"), Morgan J. Wais, filed a report, docket no. 142, expressing concern over the then-intended apportionment of the settlement funds.  The parties subsequently proposed a different allocation, and at the direction of the Court, Mr. Wais has filed another report, docket no. 146,[2] supporting the following distribution of the gross settlement proceeds:

| Table 1 | Directly from the Settlement | From the Estate's Share of the Settlement | TOTAL ALLOCATED |
|---|---|---|---|
| Joyce Dorsey | $500,000 | $0 | $500,000 |
| Che Andre Taylor, Jr. | $0 | $500,000 | $500,000 |
| C.M.T. | $0 | $500,000 | $500,000 |

See Stip. Mot. at 2 (docket no. 144); GAL 2d Report (docket no. 146).  The parties anticipate placing 2/3rds (67%) of C.M.T.'s share of the settlement into a trust and 1/3rd (33%) of C.M.T.'s share into a blocked account, to be administered by the King County Superior Court, until she reaches the age of 18.  Plaintiffs' counsel expect to

---

[2] Contrary to the Court's instructions, see Order at 1 (docket no. 140), and Local Civil Rule 5.2, Mr. Wais failed to seal either of his reports, which contain the full name and date of birth of the minor involved.  On both occasions, the Court sua sponte directed the Clerk to seal the materials, but each report was available for public view for sufficient time to have been uploaded by private websites unrelated to and outside the control of the Court.  See, e.g., www.pacermonitor.com; www.law360.com.

ORDER - 2

receive 40% of the settlement proceeds as attorneys' fees and $19,348 as costs,[3] see Valdez Am. Decl. (docket no. 148), for a total of $619,348, to be split equally among the individuals receiving shares of the settlement fund, with the net amounts to be received as follows:

| Table 2 | Directly from the Settlement | From the Estate's Share of the Settlement | TOTAL ALLOCATED |
|---|---|---|---|
| Joyce Dorsey | $293,550.66 | $0 | $293,550.66 |
| Che Andre Taylor, Jr. | $0 | $293,550.67 | $293,550.67 |
| C.M.T.[4] | $0 | $293,550.67 | $293,550.67 |

The parties now seek the Court's approval of the settlement as outlined in Tables 1 and 2, above. Having reviewed all relevant materials, the Court ORDERS:

(1)   The parties' stipulated motion, docket no. 144, to approve the proposed settlement, pursuant to which plaintiff C.M.T. will receive an equal (one-third) share of the net proceeds, not considering the GAL's fees and the costs associated with the creation of a trust and administration of the funds received by C.M.T., is GRANTED;

---

[3] By Minute Order entered April 8, 2021, docket no. 145, the Court directed plaintiffs' counsel to file a declaration detailing the costs for which they request reimbursement and providing a mathematically correct sum and allocation of such costs. Although many of the costs outlined in the required declaration, docket no. 148, would not be awarded pursuant to 28 U.S.C. § 1920, if costs were being taxed against defendants, they are within the range of costs that plaintiffs may be obligated to cover under the terms of their contract with their attorneys.

[4] The parties propose to pay the GAL's fees and any costs associated with the creation of a trust from C.M.T.'s share of the settlement proceeds. See Stip. Mot. at 2-3 (docket no. 144); Valdez Am Decl. at 3:2-3 (docket no. 148).

ORDER - 3

(2) Sarah Settles, the mother of C.M.T., is authorized to execute a release of C.M.T.'s claims in this matter and all documents relating to the settlement and/or the creation of a trust or a blocked account for the benefit of C.M.T.;

(3) The award of $200,000 in attorneys' fees and $6,449.33 in costs from C.M.T.'s ($500,000) share of the gross settlement amount ($1,500,000) is reasonable and approved;

(4) The GAL's fees of $6,060.00 shall be paid from C.M.T.'s share of the net settlement proceeds;

(5) Morgan J. Wais is hereby DISCHARGED from all duties and obligations as GAL in connection with his appointment in this matter;

(6) Plaintiffs' counsel shall arrange for the creation and maintenance of a trust and a blocked account for the benefit of C.M.T. to be supervised by the King County Superior Court;

(7) The costs associated with the creation of a trust and a blocked account for the benefit of C.M.T. may be paid from C.M.T.'s share of the net settlement proceeds;

(8) The remaining parties having reached a settlement in principle, which has been approved by the Court pursuant to Local Civil Rule 17(c), this case is DISMISSED with prejudice, provided that, in the event the approved settlement is not perfected, any party may move, within sixty (60) days of the date of this Order, to reopen the matter and trial will be scheduled; and

(9) The Clerk is directed to CLOSE this case and to send a copy of this Order to all counsel of record.

ORDER - 4

1   IT IS SO ORDERED.

2   Dated this 27th day of April, 2021.

                                            Thomas S. Zilly
                                            United States District Judge

ORDER - 5